Bostwick

UNITED STATES DISTRICT COURT
for the
District of Massachusetts

Case No.: _____  ___ ___ ___ ___

Jury Trial: Yes

(Demand for Trial by Jury)

| | |
|---|---|
| RICHARD D. BOSTWICK and | ) |
| RICHARD D. BOSTWICK as a CLASS OF ONE; | ) |
|     Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| (1) 44 CHESTNUT STREET, WAKEFIELD, MASS. (In Rem); | ) |
| (2) UNKNOWN FUTURE PROPERTY OWNERS of Defendant | ) |
| 44 Chestnut Street, Wakefield, Mass.; | ) |
| (3) UNKNOWN FUTURE TITLE INSURANCE COMPANIES | ) |
| providing Title Insurance for Defendant 44 Chestnut Street; | ) |
| (4) SANTANDER BANK, N.A. previously known as (p.k.a.) | ) |
| Sovereign Bank N.A., Sovereign Bank; Santander Holdings | ) |
| USA, Inc., Sovereign Bancorp, Inc.; | ) |
| (5) FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) |
| also known as (a/k/a) FANNIE MAE; | ) |
| (6) ORLANS MORAN PLLC; | ) |
| (7) LEONARD J. SIMS a/k/a LEONARD JOSEPH SIMS, | ) |
| LEONARD J. SIMS CO.,GENERAL CONTRACTORS, and | ) |
| LEONARD J. SIMS CUSTOM CARPENTRY; | ) |
| (8) UNKNOWN THE CLASSIC GROUP, INC, p.k.a. | ) |
| UNKNOWN CLASSIC RESTORATIONS, INC.; | ) |
| (9) KYLE BARNARD; | ) |
| (10) PHILIP BATES; | ) |
| (11) RICHARD F. GANTT; | ) |
| (12) UNKNOWN OFFICERS and DIRECTORS of The Classic | ) |
| Group, Inc. p.k.a. Classic Restorations, Inc.; | ) |
| (13) UNKNOWN INSURANCE POLICY ENTITIES/ | ) |
| COMPANIES insuring The Classic Group, Inc. p.k.a. | ) |
| Classic Restorations, Inc. and their Officers and Directors; | ) |
| (14) THE COMMONWEALTH OF MASSACHUSETTS, | ) |
| EXECUTIVE OFFICE OF HEALTH AND HUMAN | ) |
| SERVICES, DEPARTMENT OF PUBLIC HEALTH; | ) |
| (15) PAUL N. HUNTER, the Title 42 U.S.C.A § 1983 Person; | ) |
| (16) PAUL N. HUNTER, in Official Capacity as Director | ) |
| Childhood Lead Poisoning Prevention Program, The Department | ) |
| of Public Health, The Commonwealth of Massachusetts; | ) |
| (17) DONNA LEVIN, the Title 42 U.S.C.A. § 1983 Person; | ) |

2017 DEC -6  PM 4: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.

FILED
IN CLERKS OFFICE

(18) WARREN M. LASKEY, the Title 42 U.S.C.A. § 1983 Person;)
(19) MASSACHUSETTS APPEALS COURT;                            )
(20) MIDDLESEX SUPERIOR COURT, MASSACHUSETTS                 )
EXECUTIVE OFFICE OF THE TRIAL COURT;                         )
(21) SATURN REALTY GROUP, LLC;                               )
(22) LAND COURT                                              )
(23) UNITED STATES BANKRUPTCY COURT, DISTRICT                )
OF MASSACHUSETTS                                             )
      Defendant(s)                                  )
_____ )

************************

This Original Complaint and Demand for Trial by Jury is NOT an attempt by Bostwick to Collect a Debt in Violation of the Automatic Stay (United States Code Title 11 § 362) concerning The Classic Group, Inc. previously known as (p.k.a.) Classic Restorations, Inc. (See Middlesex Superior Court Civil Action No.(s) 08-01465 (Now 0881CV01465) and 10-01775 (Now 1081CV01775) and U.S. Bankruptcy Court, District of Mass., Eastern Division, Bankruptcy Case No. 11-10574-JNF and Adversary Proceeding No. 12-01137-JNF and its Sequence).

Middlesex Superior Court Civil Action No.(s) 08-01465 (Now 0881CV01465) and 10-01775 (Now 1081CV01775) are currently Stayed because the Debtor, Debtor's Property, Estate of the Debtor and the Insurance Policy Entities/ Companies insuring The Classic Group, Inc. p.k.a. Classic Restorations, Inc. and their Officers and Directors are all Stayed.

This Complaint identifies as UNKNOWN PARTIES, the Stayed Debtor, Debtor's Property, Estate of the Debtor and the Insurance Policy Entities/ Companies insuring The Classic Group, Inc. p.k.a. Classic Restorations, Inc. and their Officers and Directors.

************************

Under the Americans with Disabilities Act (Title 42 c. 126 U.S.C. ξξ 12101) generally and under Title 42 U.S.C. ξ 12102, 12131, 12132, 12133 specifically and given Bostwick's Disabilities, Bostwick PROVIDES NOTICE ONLY and asks this Court for a "Reasonable Accommodation" given Bostwick's Requests of this Court as specified in this Original Complaint and Demand for Trial by Jury.

************************

## ORIGINAL COMPLAINT
### and
### DEMAND FOR TRIAL BY JURY

Attachment:

<u>Exhibit A</u>:     First Amended Complaint and Demand for Trial by Jury for Richard D. Bostwick v. 44 Chestnut Street et al; Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 1581CV05636 et Seq. with its Exhibit 1; namely, Assignment of Mortgage and Note on 10 February 2003 from Sovereign Bank to Federal National Mortgage Association concerning Richard David Bostwick and 44 Chestnut Street, Wakefield, MA 01880.

## THE PARTIES TO THIS COMPLAINT

<u>Defendants</u>:

1.     "44 Chestnut St" means 44 CHESTNUT STREET, WAKEFIELD, MASS. 01880 (In Rem), which is the residence of the Plaintiff(s).

2.     "Unknown Property Owners" means UNKNOWN FUTURE PROPERTY OWNERS of Defendant, "44 Chestnut St".

3.     "Unknown Title Insurance Companies" means UNKNOWN FUTURE TITLE INSURANCE COMPANIES providing Title Insurance for Defendant, "44 Chestnut St".

4.     "Santander Bank" means SANTANDER BANK, N.A. previously known as (p.k.a.) Sovereign Bank N.A., Sovereign Bank; Santander Holdings USA, Inc., Sovereign Bancorp, Inc., with CEO and President, Scott E. Powell and an address of Santander Bank, N.A., 75 State Street, 5th Floor, Boston, MA 02109.

5.     "Fannie Mae" means FEDERAL NATIONAL MORTGAGE ASSOCIATION also known as (a/k/a) FANNIE MAE, with CEO, Timothy J. Mayopoulos, and an address of 3900 Wisconsin Avenue, NW, Washington, DC 20016.

6.     "Orlans Moran" means ORLANS MORAN PLLC, with Managing Partner, Julie Taylor Moran, and an address of Orlans Moran PLLC, 465 Waverly Oaks Road, Waltham, MA 02453. 781-893-5955.

7.     "Leonard J. Sims" means LEONARD J. SIMS a/k/a LEONARD JOSEPH SIMS, LEONARD J. SIMS CO.,GENERAL CONTRACTORS, and LEONARD J. SIMS CUSTOM CARPENTRY, with an address of 219 Charles Street, Reading, MA 01867.

8.     "Unknown Classic Group" means UNKNOWN THE CLASSIC GROUP, INC, p.k.a. UNKNOWN CLASSIC RESTORATIONS, INC.

9.     "Barnard" means KYLE BARNARD, with an address of 17 High Ridge Road, Boxford, MA 01921.

10.    "Bates" means PHILIP BATES, with an address of 62 Baxter Street, Melrose, MA 02176.

11.    "Gantt" means RICHARD F. GANTT, with an address of 95 Jackson Street, Cambridge, MA 02140.

12.    "Unknown Classic Officers/ Directors" means UNKNOWN OFFICERS and DIRECTORS of The Classic Group, Inc. p.k.a. Classic Restorations, Inc.

13.    "Unknown Classic Insurance Entities" means UNKNOWN INSURANCE POLICY ENTITIES/ COMPANIES insuring The Classic Group, Inc. p.k.a. Classic Restorations, Inc. and their Officers and Directors.

14.    "Public Health" means THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF PUBLIC HEALTH (DPH), with an address of Department of Public Health, 250 Washington Street, 2nd Floor, Boston, MA 02108 with Service on Current General Counsel, Office of the General Counsel, 2nd Floor.

15.    "Levin - Person" means DONNA LEVIN, as the Title 42 U.S.C.A. § 1983 Person, or the Current General Counsel, Office of the General Counsel, Department of Public Health (DPH), as the Title 42 U.S.C.A. § 1983 Person; both with an address of Department of Public Health, 250 Washington Street, 2nd Floor, Boston, MA 02108.

16.    "Hunter - Person" means PAUL N. HUNTER, as the Title 42 U.S.C.A § 1983 Person, or the Current Director, Childhood Lead Poisoning Prevention Program (CLPPP), The Department of Public Health (DPH) as the Title 42 U.S.C.A § 1983 Person; both with an address of Department of Public Health, 250 Washington Street, 7th Floor, Boston, MA 02108.

17.    "Hunter - Official Capacity" means PAUL N. HUNTER, in Official Capacity as Director, Childhood Lead Poisoning Prevention Program (CLPPP), The Department of Public Health (DPH) or the Current Director, in Official Capacity as Director, Childhood Lead Poisoning Prevention Program (CLPPP), The Department of Public Health (DPH); both with an address of Department of Public Health, 250 Washington Street, 7th Floor, Boston, MA 02108.

18.    "Laskey - Person" means WARREN M. LASKEY, the Title 42 U.S.C.A. § 1983 Person, or the Current Code Enforcement Inspector, Childhood Lead Poisoning Prevention Program (CLPPP), The Department of Public Health (DPH), both with an address of Department of Public Health, 250 Washington Street, 7th Floor, Boston, MA 02108.

19.    "Appeals Court" means MASSACHUSETTS APPEALS COURT, with an address of John Adams Courthouse, One Pemberton Square, Rm 1200, Boston, MA 02108 with Service on Chief Justice Scott L. Kafker or Current Chief Justice.

20.     "Middlesex Superior Court" means MIDDLESEX SUPERIOR COURT, MASSACHUSETTS EXECUTIVE OFFICE OF THE TRIAL COURT, SUPERIOR COURT DEPARTMENT, with an address of Superior Court, Administrative Office, Suffolk County Courthouse, 13th Floor, Three Pemberton Square, Boston, MA 02108, with Service on Chief Justice Judith Fabricant or Current Chief Justice.

21.     "Saturn Realty Group" means SATURN REALTY GROUP, LLC; with Manager(s)/ Resident Agent/ and Place of Records under Augustine Pesatauro and Richard Pesatauro and an address of Saturn Realty Group, LLC; 19 Stillings Road, Saugus, MA 01906.

22.     "Land Court" means LAND COURT; with an address of Land Court, Three Pemberton Square, 5th Floor, Boston, MA 02108, with Service on Chief Justice Judith C. Cutler or Current Chief Justice.

23.     "Bankruptcy Court" means UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS, with an address of United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945 with Service on Chief Judge Melvin S. Hoffman or Current Chief Judge.

Plaintiff(s):

24.     "Richard D. Bostwick" means RICHARD D. BOSTWICK, Pro Se Plaintiff, with an address of 44 Chestnut Street, P.O. Box 1959, Wakefield, MA 01880-5959.

25.     "Bostwick - Class of One" means RICHARD D. BOSTWICK as a CLASS OF ONE, with an address of 44 Chestnut Street, P.O. Box 1959, Wakefield, MA 01880-5959.

Notice of U.S. Constitution Violations Served Upon:

26.     Office of the Attorney General, Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108.

## BASIS FOR JURISDICTION

27.     The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-26.

28.     A Summary of the specific federal statutes, federal treaties, and/ or provisions of the United States Constitution that are at issue in this case are as follows:

28.1     Supervisory Jurisdiction
         (Assure compliance with the dictates of the U.S. Constitution)

28.2     Federal-Question Jurisdiction (28 U.S.C.A. § 1331)

28.2.1       "All Writs Act" (28 U.S.C.A. § 1651)
28.2.1.1     "Anti-Injunction Act" (28 U.S.C.A. § 2283)

28.2.2       "Supremacy Clause" means U.S. Constitution, Article VI, [2], "This Constitution, and the Laws of the United States...shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

28.2.3       "Judges Bound by Constitution" means U.S. Constitution, Article VI, [3], "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;"

28.2.4       "Right to Petition" means U.S. Constitution, Amendment I, "the right of the people...to petition the Government for a redress of grievances."

28.2.5       "Due Process" means (a) U.S. Constitution, Amendment V, "no one shall be deprived of life, liberty or property without due process of law" and (b) U.S. Constitution, Amendment XIV, "nor shall any State deprive any person of life, liberty, or property, without due process of law;"

28.2.6       "Regulatory Taking" means (a) U.S. Constitution, Amendment V, "nor shall private property be taken for public use, without just compensation" and (b) incorporated within the due process clause of the U.S. Constitution, Amendment XIV, "which bars state governments from depriving people of their property without due process of law."

28.2.7       "Bill of Attainder" means U.S. Constitution, Article I, Section 10, "No State shall...pass any Bill of Attainder."

28.2.8       "No Excessive Fines" means U.S. Constitution, Amendment VIII, "nor excessive fines imposed..."

28.2.9       "Equal Protection" means U.S. Constitution, Amendment XIV, "not deny to any person within its jurisdiction the equal protection of the Laws."

28.2.10      "Americans with Disabilities Act" (Title 42 c. 126 U.S.C.A. §§ 12101)

28.2.11      "Section 1983" means Title 42 U.S.C.A. § 1983

28.2.12      "Title 11 §§ 105, 106, 362" means U.S. Bankruptcy Code Title 11 §§ 105, 106, 363; namely, Title 11 § 105, Power of Court; Title 11 § 106, Waiver of Sovereign Immunity; Title § 362, Automatic Stay.

28.3         Supplemental Jurisdiction (28 U.S.C.A. § 1367)

28.3.1    "Judgment is Void-Vacated" means Mass.R.Civ.P. Rule 60 - Relief From Judgment Or Order and M.G.L. c. 231 § 96 - Relief from Final Judgment; Vacation; Effect of Attachment and M.G.L. c. 260 § 32 - Dismissal of Action or Reversal or Vacation of Judgment; Commencement of New Action and Superior Court Standing Order 1-96 - Processing and Hearing of Complaints for Judicial Review of Administrative Agency Hearings.

28.3.2    "CONSTRUCTION SUPERVISOR and HOME IMPROVEMENT CONTRACTOR LAWS" means "Licensed" Construction Supervisor: (G.L. c. 143 ξ 3A, 59, 93 – 100, -- 780 CMR, 780 CMR R5) "Registered" Home Improvement Contractor: (G.L. c. 142A, -- 201 CMR 14, 780 CMR R6) State Sanitary Code: (G.L. c. 111 ξ 127A – 127K, -- 105 CMR 400, 105 CMR 410)

28.3.3    "LEAD POISONING PREVENTION LAWS and STATE SANITARY CODE" means Lead Poisoning Prevention & Control: (G.L. c. 111 ξ 189A - 199A, -- 105 CMR 460) Deleading Regulations: (G.L. c. 149 ξ 6, G.L. c. 111 ξ 189A - 199A, -- 454 CMR 22) Occupational Lead Poisoning Registry: (G.L. c. 149 ξ 11A, -- 454 CMR 23) State Sanitary Code: (G.L. c. 111 ξ 127A – 127K, -- 105 CMR 400, 105 CMR 410)

28.3.4    "G.L. c. 93A" means REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION Consumer Protection: (G.L. c. 93A, -- 940 CMR 3.00)

## FACTS

29.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-28.3.4.

### Facts - Meaning of Terms

30.    "Bostwick v. Sims 04-02417" means Richard D. Bostwick v. Leonard J. Sims et al; Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 04-02417 (Now 0481CV02417) et Seq.

31.    "Bostwick v. Classic 08-01465" means Richard D. Bostwick v. The Classic Group, Inc. et al, Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 08-01465-J (Now 0881CV01465) et Seq.

32.    "Bostwick v. Sovereign 09-01755" means Richard D. Bostwick v. Sovereign Bank et al, Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 09-01755 (Now 0981CV01755) et Seq.

33.    "Bostwick v. DPH 10-01775" means Richard D. Bostwick v. The Commonwealth of Massachusetts, Department of Public Health; Leonard J. Sims et al and The Classic Group, Inc. et al; Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 10-1775 (Now 1081CV01775) et Seq.

34.     "Bostwick v. 44 Chestnut Street" means Richard D. Bostwick v. 44 Chestnut Street et al; Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 1581CV05636 et Seq.

35.     "Bostwick v. Santander - Land" means Richard D. Bostwick v. Santander Bank, N.A. f/k/a Sovereign Bank, N.A. et al; Massachusetts Land Court, Case No.: 16 MISC 000328 et Seq.

36.     "Bostwick v. Santander - Land Appeal" means Richard D. Bostwick v. Santander Bank, N.A. & Others; Commonwealth of Massachusetts, Appeals Court, Case No.: 2017-P-0291.

### The Department of Public Health
### 02 September 2008 Complaint and
### Bostwick's "Notice of Claim for an Adjudicatory Proceeding"

37.     No Children were ever living or visiting or harmed at Bostwick's Property and Residence of 44 Chestnut St., Wakefield, MA.

38.     In addition, NO Children were ever living or visiting or harmed at Bostwick's Property and Residence, when the Assessment, Inspection and Deleading Lead Paint Activities without Licenses or Permits by the Construction Contractors; namely, Leonard J. Sims et al and The Classic Group, Inc. et al, were performed in the Years late 2001 and early 2002. (See "Bostwick v. Sims 04-02417," "Bostwick v. Classic 08-01465" and "Bostwick v. DPH 10-01775").

39.     In the Years late 2001 and early 2002, Bostwick Relied upon the Leonard J. Sims et al and The Classic Group, Inc. et al representations that Lead Paint Activities without Licenses or Permits was permissible (OK) because NO Children were living at Bostwick's Property and Residence.

40.     Bostwick had from 12 to 15 face to face meetings with Paul Hunter, the Director of Childhood Lead Poisoning Prevention Program (CLPPP) of the Mass. Dept. of Public Health (DPH) concerning the Assessment, Inspection and Deleading Lead Paint Activities without Licenses or Permits by the Construction Contractors; namely, Leonard J. Sims et al and The Classic Group, Inc. et al. These meetings constituted an investigation under the authority of the Director of CLPPP. There were from 4 to 6 face to face similar meetings between Bostwick and Warren Laskey, who works for Paul Hunter.

41.     On 30 May 2008, Bostwick submitted a "Report and Evidence of Unauthorized Deleading" at his Property and Residence by Leonard J. Sims et al and The Classic Group, Inc. et al, where the Report included copies of the following: (a) Leonard J. Sims Answers to Request for Documents and Interrogatories, (b) the 21 December 2007, Deposition of Paul Hunter, (c) the 03 April Deposition of Daniel Santos, (d) the ERS

47.    In addition to other Claims and Requests for Relief in the "Notice of Claim for an Adjudicatory Proceeding", Bostwick Claimed (a) "105 CMR 460.900 Hearings" is Unconstitutional, (b) DPH violated Bostwick's Constitutional Right to an Adjudicatory Hearing and Notice of the same, (c) Bostwick's Right to a Full and Fair Adjudicatory Hearing, (d) Bostwick's Right to an Adjudicatory Hearing Free of Bias, Prejudice or Interest, (e) Intervention by Leonard J. Sims and The Classic Group, Inc. is Allowed.

48.    On or about 12 April 2010, the Office of the General Counsel of the Dept. of Public Health under Donna Levin stated in part the following; "...your request for an adjudicatory proceeding is denied...Pursuant to 105 CMR 460.900, you are not entitled to an adjudicatory hearing since as you know, lead violations remain on your property..." Bostwick has Relied upon all of the position statements by the Mass. Dept. of Public Health, CLPPP, Paul Hunter, Warren Laskey, Anthony Jakaitis and Donna Levin concerning the Deleading circumstances and liabilities at 44 Chestnut Street.

49.    An Expert Witness Report by Architect, Peter Blaisdell identifies the cost of Deleading 44 Chestnut Street to be $275,888. However even when the property is Deleaded, (a) Bostwick's Property can NEVER obtain a Letter of Interim Control or a Letter of Full Deleading Compliance, (b) Bostwick's Property can only obtain a Letter of Unauthorized Deleading, (c) to obtain a current Letter of Unauthorized Deleading, all of the Units and Land at Bostwick's Property must be Deleaded, (d) upon obtaining an Unauthorized Deleading Letter, the Owner of Bostwick's Property is subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property, (e) all future Owners of Bostwick's Property are encumbered by these CLPPP terms and conditions as Bostwick is currently encumbered by them. These Items constitute a Property Encumbrance on 44 Chestnut Street, Wakefield, MA as applied to Bostwick, all future Owners of 44 Chestnut Street and all Title Insurance Companies of 44 Chestnut Street.

50.    Because of the actions against Bostwick and his Property at 44 Chestnut Street by the Department of Health (DPH), Bostwick FEARS (1) putting his Apartments on the Market to Rent them given the DPH documentation and possible charges of Discrimination against Children; (2) having Tenants because the Tenants may have visitors that are Children, which would cause Bostwick to be subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property; and finally (3) selling 44 Chestnut Street given the DPH Documentation, DPH Internet Public Database and the Unresolved Adjudicatory Hearing situation; all of which could cause the New Owner of 44 Chestnut Street to Sue Bostwick for (a) Fraud or Deceit in sale of Personal Property, (b) Gross Fraud or Cheat at Common Law and (c) other applicable Laws.

51.    An Expert Witness Report by Real Estate Appraiser, Phyllis DeChristoforo calculates that the loss in Rents for the First Floor Unit is $18,000 per year or $414,000 for the length of the Mortgage. For both units, the loss in Rents is $36,000 per year or

65.     On 23 May 2011, the Pro Se Creditor, Richard D. Bostwick, filed a Proof of Claim with a 74 page Supplement in Bankruptcy Court concerning The Classic Group, Inc's. Chapter 7 Bankruptcy. On 30 May 2012, Bostwick submitted his Adversary Proceeding No. 12-1137 in Bankruptcy Court.

66.     On 18 January 2013, Judge Feeney filed her Order concerning Adversary Proceeding No. 12-1137. Upon Appeal and on 14 May 2014, the District Court Affirmed the Order of the Bankruptcy Court. Upon Appeal and on 01 May 2015, the United States Court of Appeals for the First Circuit, Affirmed the Order of the Bankruptcy Court to include "...dismissal without prejudice on the terms specified by the court..."

67.     On 18 November 2015, Bostwick Filed and Served his "Request for Expedited Determination...Motion...To Modify Stay Pursuant To Title 11 § 362(d)(1)."

68.     On 10 April 2014, Bostwick Appealed the Final Judgment of "Bostwick v. Sims 04-02417," which was entered on 17 March 2014. The Appeals Court Case is "Richard Bostwick vs. Leonard J Sims & others," Case No. 2014-P-1277.

69.     The above Facts have been generally included in Bostwick's Motions, Oppositions, Notices and additional Notice of Appeal as evidenced by the Case No. 2014-P-1277, Docket Entries Numbers #11 - Opposition, #12 - Motion, #13 - Notice, #14 - Motion and #16 - Notice of Appeal on 30 March 2015.

70.     On 03 March 2015 and under Case No. 2014-P-1277, Docket Entry # 15 states the following; "Notice of dismissal to Trial Court and parties: Standing Order Governing Dismissals for Lack of Prosecution." The "Bostwick v. Sims 04-02417" Docket states "03/06/2015 Notice of docket entry received from Appeals Court."

### "Bostwick v. Sovereign 09-01755"
### Reasonable Accommodation
### Emotional Distress and Americans with Disabilities Act
### Fraud on the Court

71.     On 15 September 2015, Santander Bank, N.A. through Orlans Moran PLLC did a Land Court, Order of Notice against Bostwick's Property; namely, 44 Chestnut Street, Wakefield, MA 01880. On 12 November 2015, the Land Court entered a Judgment against Bostwick's Property allowing a Foreclosure Sale any time with Three consecutive Weeks of Publication of the Foreclosure Sale.

72.     The Claims by Bostwick in "Bostwick v. Sovereign 09-01755" concern the "Santander Bank" and "Fannie Mae" (1) deficient practices in Mortgage Loan Servicing and Foreclosure Processing; (2) Breach of Covenants; (3) Violations of Legal Duties against the Plaintiff concerning (a) Title Encumbrances, (b) Property Encumbrances, (c) required Workouts and (d) Defendant's Lack of Right to Foreclose; (4) Memorandum of Lis Pendens and (5) Defendant's Fraud on the Court concerning (a) Cloud on Title to

Sims 04-02417" Trial, the precedent was established that Compensation for the "Regulatory Taking" was Denied.

124.    Under G.L. c. 30A, State Administrative Procedure, and that "105 CMR 460.900 Hearings" Violates the United States Constitution under the "Supremacy Clause" "Right to Petition" "Judges Bound by Constitution" "Due Process" "Regulatory Taking" "No Excessive Fines" "Bill of Attainder" "Equal Protection" and "Damages and Equitable Relief;" the Department of Public Health is minimally legally required to (a) Provide adequate Public Notice that 105 CMR 460.xxx is Unconstitutional; (b) Initiate Regulation, Rulemaking Proceedings to fix the Unconstitutionality of 105 CMR 460.xxx and (c) submit the new 105 CMR 460.xxx Regulations to the Legislature for incorporation into the Massachusetts Register.

125.    Because of the actions against Bostwick and his Property at 44 Chestnut Street by the Department of Health (DPH), DPH Documentation, DPH Internet Public Database, the Unresolved Adjudicatory Hearing situation and associated Litigations, the Sale of 44 Chestnut Street could subject "Richard D. Bostwick," "44 Chestnut Street," "Unknown Property Owners," "Unknown Title Insurance Companies," "Santander Bank," "Fannie Mae" and "Orlans Moran" to be subject to the Penalties under the following Laws: (a) M.G.L. c. 266 c. 80, Encumbered Land - conveyance without notice; (b) M.G.L. c. 184 c. 21, Encumbrances upon real property - duty of grantor to inform grantee; (c) M.G.L. c. 184 c. 22, Encumbrance of record - liability for removal; (d) M.G.L. c. 231 § 85J, Fraud or Deceit in sale of personal property; (e) M.G.L. c. 266 c. 76, Gross Fraud or Cheat at common law, and (f) M.G.L. c. 274 § 7 Conspiracy penalties.

126.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

127.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

128.    Under Case Law and in regards to the Violation of the Automatic Stay concerning "Bostwick v. DPH 10-01775;" the following is stated; "In re Soares, 107 F.3d 969, 37 Collier Bankr. Cas. 2d (MB) 1281, Bankr. L. Rep. (CCH) P 77333 (1st Cir. 1997) (since decision to enter judgment was made after filing, judgment was void)."

129.    This Section addresses Claims and Issues related to (a) Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) Massachusetts State Court(s)' Violations of Bostwick's Constitutional Rights and (c) Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments.

129.1        Without the Middlesex Superior Court's or Bostwick's knowledge, The Classic Group, Inc. filed a voluntary Chapter 7 Bankruptcy on 25 January 2011 ("the Petition Date).

129.2        Then on 14 March 2011 and Under Mass.R.Civ.P. Rule 52(a, b) and 59(e), Bostwick provided Notice to Douglas H. Wilkins, Justice concerning The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011, Notice of Automatic Stay and Notice of the Vacation of the Dismissed "Bostwick v. DPH 10-01775." The same Notice was Served on The Classic Group, Inc. and its Officers and Directors, who allegedly knew of their own filing for Bankruptcy.

129.3        Then on 21 March 2011, Douglas H. Wilkins, Justice knowingly and willfully Denied Bostwick's Notice of Automatic Stay and Notice of the Vacation of the Dismissed "Bostwick v. DPH 10-01775" even given knowledge of The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011.

129.3.1      This is the first Violation of the "All Writs Act" and "Anti-Injunction Act" by the Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction by the Violation of the Automatic Stay under Title 11 § 362(a)(1).

129.4        However, a different Judge at Middlesex Superior Court Stayed the Case "Bostwick v. Classic 08-01465," because The Classic Group, Inc. filed a voluntary Chapter 7 Bankruptcy on 25 January 2011.

129.5        On 13 January 2013 and in the Bankruptcy Court, Judge Joan N. Feeney filed an Order concerning Bostwick v. The Classic Group, Barnard, Bates, Gantt and Unknown Directors and Officers of the Classic Group. The Order implied that Bostwick should Litigate his Damages against Barnard, Bates, Gantt and Unknown Directors and Officers of the Classic Group in another Court rather than the Bankruptcy Court.

129.6        On 01 April 2016, Bostwick was Awarded a Judgment against The Classic Group, Inc. et al for an amount of $1,590,161.00.

129.7        Under "Bostwick v. 44 Chestnut Street" and on 21 April 2016, Judge Kenneth V. Desmond Denied Bostwick's Notice of Automatic Stay under "Bostwick v. DPH 10-01775" even given knowledge of The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011.

129.7.1      This is the second Violation of the "All Writs Act" and "Anti-Injunction Act" by the Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction by the Violation of the Automatic Stay under Title 11 § 362(a)(1).

129.8        Under "Bostwick v. 44 Chestnut Street" and on 21 April 2016, Judge Kenneth V. Desmond Denied all of Bostwick's Claims to include those related to the Bankruptcy Court Award of $1,590,161.00 concerning Barnard, Bates and Unknown Directors and Officers of the Classic Group.

129.8.1       This is the first Violation of the "All Writs Act" and "Anti-Injunction Act," by the Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments of $1,590,161.00.

129.9         Under "Bostwick v. 44 Chestnut Street" and on 11 July 2017, all of Bostwick's Claims related to The Classic Group Inc. et al and the Bankruptcy Court Award of $1,590,161.00 were Denied.

129.9.1       This is the first Violation of the "All Writs Act" and "Anti-Injunction Act," by the Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments of $1,590,161.00.

129.10        Under "Bostwick v. 44 Chestnut Street," the Defendant Gantt Defaulted. On 07 December 2017, there is a Default, Damages Hearing concerning Bostwick and the Damages to him by Gantt. However under "Bostwick v. 44 Chestnut Street" and on 11 July 2017, all of Bostwick's Claims related to The Classic Group Inc. et al and the Bankruptcy Court Award of $1,590,161.00 were Denied.

## COUNT A
**Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court given (a) State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) State Court(s)' Violations of Bostwick's Constitutional Rights and (c) State Court(s)' Denial of Protection or Effectuation of Federal Judgments. ("All Writs Act," "Anti-Injunction Act")**
Under
"Supervisory Jurisdiction" "Federal-Question Jurisdiction" "All Writs Act" "Anti-Injunction Act" "Supremacy Clause" "Judges Bound by Constitution" "Right to Petition" "Due Process" "Regulatory Taking" "Bill of Attainder" "No Excessive Fines" "Equal Protection" "Americans with Disabilities Act" "Section 1983" "Title 11 §§ 105, 106, 362" "Supplemental Jurisdiction" "Damages and Equitable Relief"
Plaintiff(s): "Richard D. Bostwick" Bostwick - Class of One"
All Defendant(s):
"44 Chestnut St" "Unknown Property Owners" "Unknown Title Insurance Companies" "Santander Bank" "Fannie Mae" "Orlans Moran" "Leonard J. Sims" "Unknown Classic Group" "Barnard" "Bates" "Gantt" "Unknown Classic Officers/ Directors" "Unknown Classic Insurance Entities" "Public Health" "Levin - Person" "Hunter - Person" "Hunter - Official Capacity" "Laskey - Person" "Appeals Court" "Middlesex Superior Court" "Saturn Realty Group" "Land Court" "Bankruptcy Court"

130.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-129.10.

131.    This Section addresses Claims and Issues related to (a) Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) Massachusetts State Court(s)' Violations of Bostwick's Constitutional Rights and (c) Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments.

131.1       Without the Middlesex Superior Court's or Bostwick's knowledge, The Classic Group, Inc. filed a voluntary Chapter 7 Bankruptcy on 25 January 2011 ("the Petition Date).

131.2       Then on 14 March 2011 and Under Mass.R.Civ.P. Rule 52(a, b) and 59(e), Bostwick provided Notice to Douglas H. Wilkins, Justice concerning The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011, Notice of Automatic Stay and Notice of the Vacation of the Dismissed "Bostwick v. DPH 10-01775." The same Notice was Served on The Classic Group, Inc. and its Officers and Directors, who allegedly knew of their own filing for Bankruptcy.

131.3       Then on 21 March 2011, Douglas H. Wilkins, Justice knowingly and willfully Denied Bostwick's Notice of Automatic Stay and Notice of the Vacation of the Dismissed "Bostwick v. DPH 10-01775" even given knowledge of The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011.

131.3.1     This is the first Violation of the "All Writs Act" and "Anti-Injunction Act" by the Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction by the Violation of the Automatic Stay under Title 11 § 362(a)(1).

131.4       However, a different Judge at Middlesex Superior Court Stayed the Case "Bostwick v. Classic 08-01465," because The Classic Group, Inc. filed a voluntary Chapter 7 Bankruptcy on 25 January 2011.

131.5       On 13 January 2013 and in the Bankruptcy Court, Judge Joan N. Feeney filed an Order concerning Bostwick v. The Classic Group, Barnard, Bates, Gantt and Unknown Directors and Officers of the Classic Group. The Order implied that Bostwick should Litigate his Damages against Barnard, Bates, Gantt and Unknown Directors and Officers of the Classic Group in another Court rather than the Bankruptcy Court.

131.6       On 01 April 2016, Bostwick was Awarded a Judgment against The Classic Group, Inc. et al for an amount of $1,590,161.00.

131.7       Under "Bostwick v. 44 Chestnut Street" and on 21 April 2016, Judge Kenneth V. Desmond Denied Bostwick's Notice of Automatic Stay under "Bostwick v. DPH 10-01775" even given knowledge of The Classic Group, Inc.'s Filing of Chapter 7 Bankruptcy on 25 January 2011.

131.7.1     This is the second Violation of the "All Writs Act" and "Anti-Injunction Act" by the Massachusetts State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction by the Violation of the Automatic Stay under Title 11 § 362(a)(1).

131.8       Under "Bostwick v. 44 Chestnut Street" and on 21 April 2016, Judge Kenneth V. Desmond Denied all of Bostwick's Claims to include those related to the

Bankruptcy Court Award of $1,590,161.00 concerning Barnard, Bates and Unknown Directors and Officers of the Classic Group.

131.8.1      This is the first Violation of the "All Writs Act" and "Anti-Injunction Act," by the Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments of $1,590,161.00.

131.9        Under "Bostwick v. 44 Chestnut Street" and on 11 July 2017, all of Bostwick's Claims related to The Classic Group Inc. et al and the Bankruptcy Court Award of $1,590,161.00 were Denied.

131.9.1      This is the first Violation of the "All Writs Act" and "Anti-Injunction Act," by the Massachusetts State Court(s)' Denial of Protection or Effectuation of Federal Judgments of $1,590,161.00.

131.10       Under "Bostwick v. 44 Chestnut Street," the Defendant Gantt Defaulted. On 07 December 2017, there is a Default, Damages Hearing concerning Bostwick and the Damages to him by Gantt. However under "Bostwick v. 44 Chestnut Street" and on 11 July 2017, all of Bostwick's Claims related to The Classic Group Inc. et al and the Bankruptcy Court Award of $1,590,161.00 were Denied.

132.   General Requested Relief: For each Count in this District Court Complaint and its applicable, attached Exhibit A Counts, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant in this District Court Complaint and its attached Exhibit A.

133.   Specific Requested Relief: Given the nature of complex Litigation, the Specific Requested Relief in the items below only Outline the Requested Relief and they are Preliminary, Proposed, Draft, Requests for Relief.

133.1        Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court given (a) State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) State Court(s)' Violations of Bostwick's Constitutional Rights and (c) State Court(s)' Denial of Protection or Effectuation of Federal Judgments. ("All Writs Act," "Anti-Injunction Act")

133.2        Request that this Court Issue an Emergency TRO for 28 Days and a Preliminary Injunction Staying "Bostwick v. 44 Chestnut Street" to avoid Violations of Bostwick's Constitutional Rights, "All Writs Act" and "Anti-Injunction Act."

133.3        Without Lifting the Bankruptcy Stay of Classic et al and under the powers of Title 11 § 105, Amend this Complaint to Add the Parties "Unknown Classic Group," "Unknown Classic Officers/ Directors," and "Unknown Classic Insurance Entities."

133.4        "Saturn Realty Group," the alleged High Bidder, Claims to be in Privities with "Santander Bank" and "Orlans Moran." Consequently, Facts, Claims, Issues and

consequential Damages concerning "Santander Bank" and "Orlans Moran" in this Complaint are applicable to "Saturn Realty Group."

133.5       Under Title 11 § 106, Middlesex Superior Court and the Appeals Court agreed to a "Waiver of Sovereign Immunity." Under the (a) "All Writs Act" and the (b) "Anti-Injunction Act" and (c) in the aid of this Court's Jurisdiction; Litigate in this District Court Count's Counts D (Count 3), E (Count 4) and F (Count 5) concerning Title 11 §§ 105, 106,  and 363.  Remaining Issues in these Counts can be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and with this District Courts "Supervisory Jurisdiction."

133.6       Under the "Americans with Disabilities Act," Middlesex Superior Court and the Appeals Court agreed to a "Waiver of Sovereign Immunity." Given the "Supervisory Jurisdiction"  and the Violations of Bostwick's Constitutional Rights; Litigate in this District Court Counts G (Count 6), H (Count 7) and I (Count 8) concerning the  "Americans with Disabilities Act." Remaining Issues in these Counts can be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and with this District Courts "Supervisory Jurisdiction."

133.7       Given the "Supervisory Jurisdiction"  and the Violations of Bostwick's Constitutional Rights; Litigate in this District Court Counts J (Count 9), K (Count 10) concerning "Section 1983." Remaining Issues in these Counts can be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and with this District Courts "Supervisory Jurisdiction."

133.8       This Item concerns Count L (Count 11). The Bankruptcy Court's Judgment for Bostwick against The Classic Group Inc. is applicable both Jointly and Severally under G.L. c. 142A § 9(c) to Barnard, Bates, Gantt and Unknown Classic Officers/ Directors. However in "Bostwick v. 44 Chestnut Street," there is a State Court(s)' Denial of Protection or Effectuation of the said Federal Bankruptcy Judgment against Classic and Barnard, Bates, Gantt and Unknown Classic Officers/ Directors. ("All Writs Act,"  "Anti-Injunction Act").

133.8.1      Given the "Supervisory Jurisdiction," it is this District Court's Duty to "Protect and Effectuate" the Bankruptcy Court's Judgment. However, if "Bostwick v. 44 Chestnut Street" is Dismissed, then there may be a problem with the Statute of Limitations for Count L (Count 11). Given Fraudulent Concealment, this problem can be resolved by Joining Count L (Count 11) with the Stayed Case "Bostwick v. Classic 08-01465" under the "Supervisory Jurisdiction" powers of this District Court.

133.8.2      In the alternative, the "Supervisory Jurisdiction"  powers of this Court allows for the  Joinder or Remanding of Count L (Count 11) to the U.S. Bankruptcy Court, District of Mass., Eastern Division, Bankruptcy Case No. 11-10574-JNF and Adversary Proceeding No. 12-01137-JNF for the Joint resolution of Classic and Barnard, Bates, Gantt and Unknown Classic Officers/ Directors Damages against Bostwick. In the Alternative, this District Court can take the Case on behalf of the Bankruptcy Court.

133.8.3     Remaining Issues in these Counts can be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and/ or the "Bostwick v. Classic 08-01465" Stay and with this District Courts "Supervisory Jurisdiction."

133.9       This Item concerns Count M (Count 12).

133.9.1     On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

133.9.2     Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". However, the Case was eventually Dismissed by the Middlesex Superior Court on 02 March 2011 in a willful and knowing manner even given knowledge of the Automatic Stay. Consequently, Middlesex Superior Court Violated the Automatic Stay under Title 11 § 362(a)(1).

133.9.3     Bostwick never had the opportunity to Appeal the "Bostwick v. DPH 10-01775" because it was and continues to be Stayed. However, the Court Records have the Case as Dismissed and Closed but it is Stayed under Title 11 § 362(a)(1).

133.9.4     These actions by the Middlesex Superior Court constitute a (a) State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction and (b) State Court(s)' Violations of Bostwick's Constitutional Rights under the "All Writs Act" and the "Anti-Injunction Act."

133.9.5     This District Court has a Duty under the "All Writs Act" and the "Anti-Injunction Act" to allow Bostwick to file a Motion under Fed.R.Civ.P Rule 60(b)(4) to Vacate and Void the Judgment for "Bostwick v. DPH 10-01775."

133.9.6     After Remand of "Bostwick v. DPH 10-01775," this District Court should allow the Massachusetts Department of Public Health to conduct its Hearings with Classic et al still Stayed given Legislative Statements to that effect.

133.10      Given (a) the State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction and (b) the State Court(s)' Violations of Bostwick's Constitutional Rights, Litigate in this District Court Count N (Count 13). Remaining Issues in these Counts can be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and with this District Courts "Supervisory Jurisdiction."

133.11      Given (a) the State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction and (b) the State Court(s)' Violations of Bostwick's Constitutional Rights, Litigate in this District Court Count O (Count 14). Remaining Issues in these Counts can

be Remanded upon the Lifting of the "Bostwick v. 44 Chestnut Street" Stay and with this District Courts "Supervisory Jurisdiction."

### COUNT B -- (See Exhibit A - Count 1)
### "Public Health" Violations of Bostwick's Rights
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Richard D. Bostwick"
Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group," "Unknown Classic Insurance Entities," "Hunter - Official Capacity," "Public Health"

134.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-133.

135.    The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process" Rights were Violated. Bostwick was deprived of his right to the liberty of renting and selling his property. Bostwick was deprived of the value of his property rights concerning Rents and profits from the sale of the property. The process that is due is an Adjudicatory Hearing with "Public Health."

136.    Bostwick was deprived of his "Right to Petition" "Public Health" for an Adjudicatory Hearing. The Department of Public Health fines against Bostwick of $275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a "Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations go too far resulting in a "Regulatory Taking."

137.    The Relief for Damages against "Public Health" include a loss of Rents up to $828,000 and a loss of property value of $403,800.

138.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

### COUNT C -- (See Exhibit A - Count 2)
### "Middlesex Superior Court" Violations of Bostwick's Rights
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Richard D. Bostwick"

Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group," "Unknown Classic Insurance Entities," "Hunter - Official Capacity," "Middlesex Superior Court"

139.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-138.

140.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

141.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02 March 2011 by Justice Douglas H. Wilkins. Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

142.    "Middlesex Superior Court" is vicariously liable for the actions of Justice Douglas H. Wilkins under the Doctrines of Respondeat Superior and Restatement of Agency.

143.    The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process" Rights were Violated. Bostwick was deprived of his right to the liberty of renting and selling his property. Bostwick was deprived of the value of his property rights concerning Rents and profits from the sale of the property. The process that is due is an Adjudicatory Hearing with "Public Health."

144.    Bostwick was deprived of his "Right to Petition" "Public Health" for an Adjudicatory Hearing. The Department of Public Health fines against Bostwick of $275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a "Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations go too far resulting in a "Regulatory Taking."

145.    The Relief for Damages against "Middlesex Superior Court" include a loss of Rents up to $828,000 and a loss of property value of $403,800.

146.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

### COUNT D -- (See Exhibit A - Count 3)
**"Middlesex Superior Court," "Barnard," "Bates" Violations of Bostwick's Rights**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Title 11 §§ 105, 106, 362"

Abuse of Process, Violation of Automatic Stay
"Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Richard D. Bostwick"
Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group,"
"Unknown Classic Insurance Entities," "Hunter - Official Capacity," "Barnard," "Bates,"
"Middlesex Superior Court"

147.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-146.

148.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7
petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The
Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-
01465" and (b) "Bostwick v. DPH 10-01775."

149.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic
Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07
February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02
March 2011 by Justice Douglas H. Wilkins. Consequently, the Officers and Directors of
The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the
Court did the same.

150.    "Middlesex Superior Court" (i.e. Justice Douglas H. Wilkins) and "Barnard" and
"Bates" Violated Abuse of Process under Title 11 § 105 and Violation of the Automatic
Stay under Title 11 § 362. Bostwick is entitled to Damages under Abuse of Process and
Title 11 § 362(k)(1) and the Constitutional Violations.

151.    "Middlesex Superior Court" is vicariously liable for the actions of Justice Douglas
H. Wilkins under the Doctrines of Respondeat Superior and Restatement of Agency.
Under G.L. c. 142A, "Barnard" and "Bates are liable.

152.    The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process"
Rights were Violated. Bostwick was deprived of his right to the liberty of renting and
selling his property. Bostwick was deprived of the value of his property rights concerning
Rents and profits from the sale of the property. The process that is due is an Adjudicatory
Hearing with "Public Health."

153.    Bostwick was deprived of his "Right to Petition" "Public Health" for an
Adjudicatory Hearing. The Department of Public Health fines against Bostwick of
$275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint
and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a
"Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations
go too far resulting in a "Regulatory Taking."

154.   The Relief for Damages against "Middlesex Superior Court" include a loss of Rents up to $828,000 and a loss of property value of $403,800. The Damages against "Barnard" and "Bates" include a loss of Rents up to $828,000 and a loss of property value of $403,800.

155.   For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

### COUNT E -- (See Exhibit A - Count 4)
### "Middlesex Superior Court," "Barnard," "Bates" Violations of Bostwick's Rights
Under

"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"

"Equal Protection," Abuse of Process, " "Title 11 §§ 105, 106, 362"

Plaintiff(s): "Bostwick - Class of One"

Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group," "Unknown Classic Insurance Entities," "Hunter - Official Capacity," ," "Barnard," "Bates," "Middlesex Superior Court"

156.   The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-155.

157.   Bostwick was Discriminated Against.

158.   On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

159.   Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02 March 2011 by Justice Douglas H. Wilkins. Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

160.   Concerning Middlesex Superior Court Civil Action No. 10-01775 (Now 1081CV01775), Justice Douglas H. Wilkins should have Recused himself because he and his Staff represented the Defendant, "Public Health" for thirteen years.

161.   "Middlesex Superior Court" (i.e. Justice Douglas H. Wilkins) and "Barnard" and "Bates" Violated Abuse of Process under Title 11 § 105 and Violation of the Automatic Stay under Title 11 § 362. Bostwick is entitled to Damages under Abuse of Process and Title 11 § 362(k)(1) and the Constitutional Violations.

162.   "Middlesex Superior Court" is vicariously liable for the actions of Justice Douglas H. Wilkins under the Doctrines of Respondeat Superior and Restatement of Agency. Under G.L. c. 142A, "Barnard" and "Bates are liable.

163.   The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process" Rights were Violated. Bostwick was deprived of his right to the liberty of renting and selling his property. Bostwick was deprived of the value of his property rights concerning Rents and profits from the sale of the property. The process that is due is an Adjudicatory Hearing with "Public Health."

164.   Bostwick was deprived of his "Right to Petition" "Public Health" for an Adjudicatory Hearing. The Department of Public Health fines against Bostwick of $275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a "Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations go too far resulting in a "Regulatory Taking."

165.   Bostwick is entitled to "Equal Treatment" and "Equal Enforcement of the Laws" as they apply to him. The Relief for Damages against "Middlesex Superior Court" include a loss of Rents up to $828,000 and a loss of property value of $403,800. The Damages against "Barnard" and "Bates" include a loss of Rents up to $828,000 and a loss of property value of $403,800.

166.   For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

## COUNT F -- (See Exhibit A - Count 5)
### All Defendant(s) and Bostwick are Subject to Equal Protection
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Equal Protection" "Supremacy Clause"
"Title 11 §§ 105, 106, 362"
Abuse of Process, Violation of Automatic Stay
"Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Bostwick - Class of One"
Defendant(s): "44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies," "Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims," "Unknown Classic Group," "Barnard," "Bates," "Gantt," "Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities," "Public Health," "Hunter - Official Capacity," "Middlesex Superior Court" "Appeals Court"

167.   The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-166.

168.    Bostwick was Discriminated Against.

169.    Paul Hunter and Warren Laskey stated that given the 02 September 2008 Letter and under CLPPP Polices (a) Bostwick's Property can NEVER obtain a Letter of Interim Control or a Letter of Full Deleading Compliance, (b) Bostwick's Property can only obtain a Letter of Unauthorized Deleading, (c) to obtain a current Letter of Unauthorized Deleading, all of the Units and Land at Bostwick's Property must be Deleaded, (d) upon obtaining an Unauthorized Deleading Letter, the Owner of Bostwick's Property is subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property, (e) all future Owners of Bostwick's Property are encumbered by these CLPPP terms and conditions as Bostwick is currently encumbered by them. These Items constitute a Property Encumbrance on 44 Chestnut Street, Wakefield, MA as applied to Bostwick, all future Owners of 44 Chestnut Street and all Title Insurance Companies of 44 Chestnut Street.

170.    An Expert Witness Report by Architect, Peter Blaisdell identifies the cost of Deleading 44 Chestnut Street to be $275,888. However even when the property is Deleaded, (a) Bostwick's Property can NEVER obtain a Letter of Interim Control or a Letter of Full Deleading Compliance, (b) Bostwick's Property can only obtain a Letter of Unauthorized Deleading, (c) to obtain a current Letter of Unauthorized Deleading, all of the Units and Land at Bostwick's Property must be Deleaded, (d) upon obtaining an Unauthorized Deleading Letter, the Owner of Bostwick's Property is subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property, (e) all future Owners of Bostwick's Property are encumbered by these CLPPP terms and conditions as Bostwick is currently encumbered by them. These Items constitute a Property Encumbrance on 44 Chestnut Street, Wakefield, MA as applied to Bostwick, all future Owners of 44 Chestnut Street and all Title Insurance Companies of 44 Chestnut Street.

171.    Under Relief and given the Property Encumbrances identified above and their Causation, which is identified in Counts 1, 2, 3 and 4 above; Bostwick is entitled to "Equal Treatment" and "Equal Enforcement of the Laws" as they apply to him, they also apply to the Defendants in this Count under Equitable Relief.

172.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT G -- (See Exhibit A - Count 6)**
**"Middlesex Superior Court" and "Appeals Court" Violations of Bostwick's Rights**
Under
**"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"**
**"Supremacy Clause"**
Americans with Disabilities Act (Title 42 c. 126 U.S.C. §§ 12101)
Title 42 U.S.C. § 12102, 12131, 12132, 12133
**"Due Process" "Right to Petition" "Taking" "Damages and Equitable Relief"**

Plaintiff(s):
"Richard D. Bostwick"
Defendant(s):
"44 Chestnut St," "Santander Bank," "Fannie Mae," "Orlans Moran," "Appeals Court," "Middlesex Superior Court"

173.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-172.

174.    This Count refers to the Actions and Damages by "Santander Bank," "Fannie Mae," "Orlans Moran," "Appeals Court," "Middlesex Superior Court." Please refer to Facts - "Bostwick v. Sovereign 09-01755," Reasonable Accommodation, Emotional Distress and Americans with Disabilities Act, Fraud on the Court.

175.    The Mortgage and Note were Assigned to Fannie Mae. The Banks do not have a valid copy of the Original Note. The Chain of Title for 44 Chestnut Street is Broken given Mortgage Backed Securities. For 44 Chestnut Street, a Title Encumbrance exists. Please refer to Facts - "Bostwick v. Sovereign 09-01755," Reasonable Accommodation, Emotional Distress and Americans with Disabilities Act, Fraud on the Court, concerning these Title Encumbrances.

176.    In reference to "Bostwick v. Sovereign 09-01755," the Middlesex Superior Court and Appeals Court did NOT give Bostwick "Reasonable Accommodation" concerning "Affidavits are Unavailable" given Bostwick's Emotional Distress and the Americans with Disabilities Act. Please refer to Facts - "Bostwick v. Sovereign 09-01755," Reasonable Accommodation, Emotional Distress and Americans with Disabilities Act, Fraud on the Court.

177.    Concerning Bostwick, the Defendants in this Count Violated Title II of the Americans with Disabilities Act, Title 42 U.S.C. $\xi$ 12102, 12131, 12132, 12133. "Middlesex Superior Court" and the "Appeals Court" did not provide to Bostwick any Americans with Disability Act Notice, Grievance Procedure Process or Reasonable Accommodation.

178.    These Actions by "Middlesex Superior Court" and the "Appeals Court" constituted a "Due Process," "Right to Petition" and consequential "Regulatory Taking" of Bostwick's Property.

179.    The Relief for Damages against the "Middlesex Superior Court" and the "Appeals Court" include a loss of Rents up to $828,000 and a loss of property value of $403,800. In addition, concerning the Violation of the Americans with Disabilities Act specifically Bostwick Claims a Damage against the "Middlesex Superior Court" and the "Appeals Court" of $300,000.

180.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

## COUNT H -- (See Exhibit A - Count 7)
## "Bostwick v. Sims 04-02417" and "Appeals Court" Violations of Bostwick's Rights
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Abuse of Process"
Americans with Disabilities Act (Title 42 c. 126 U.S.C. §§ 12101)
Title 42 U.S.C. § 12102, 12131, 12132, 12133
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Richard D. Bostwick"
Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group," "Unknown Classic Insurance Entities," "Hunter - Official Capacity," "Middlesex Superior Court," "Appeals Court"

181.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-180.

182.    Bostwick is Discriminated Against.

183.    The Appeals Court Refused to Address Bostwick's Single Justice Appeal; namely, "NOTICE OF APPEAL To Panel of Other Justices of This Court Under Appeals Court Rule 2:02 from Single Justice Order; namely, "Entry Date 03/02/2015 Entry Text RE#14: Denied. (Cohen, J.). Then the Appeals Court refused to take any papers from Bostwick concerning his Appeal of "Bostwick v. Sims 04-02417." Then the Appeals Court Dismissed "Bostwick v. Sims 04-02417" for Lack of Prosecution.

184.    The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process" Rights were Violated. The Process Due was for the Appeals Court to Allow Bostwick's Notice of Appeal.

185.    As a consequence of Denying Bostwick's Notice of Appeal, Bostwick's "Due Process" Rights were Violated. Bostwick was deprived of his right to the liberty of renting and selling his property. Bostwick was deprived of the value of his property rights concerning Rents and profits from the sale of the property. The process that is eventually due is an Adjudicatory Hearing with "Public Health."

186.    Bostwick was deprived of his "Right to Petition" "Public Health" for an Adjudicatory Hearing. The Department of Public Health fines against Bostwick of $275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a "Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations go too far resulting in a "Regulatory Taking."

187.    Bostwick did not get his Adjudicatory Hearing at the "Bostwick v. Sims 04-02417" Trial, which occurred in March 2014. A Precedent was established during the

"Bostwick v. Sims 04-02417" Trial, where the Judge refused to admit as Evidence the Factual Testimony of Paul Hunter, Warren Laskey, Anthony Jakaitis and Donna Levin concerning Bostwick's Property. In addition because there was no Adjudicatory Hearing, a Precedent was established where the "Bostwick v. Sims 04-02417" Trial the Judge refused to admit as Evidence as a minimum the following; (a) the DPH, CLPPP, 02 September 2008 Letter, "Unauthorized Deleading Complaint" against Bostwick's Property; (b) Bostwick's "Notice of Claim for an Adjudicatory Proceeding;" (c) the 12 April 2010 Letter from the Office of the General Counsel of the DPH, CLPPP, which Denied Bostwick an Adjudicatory Hearing.; (d) the 21 December 2007, Deposition of Paul Hunter, (e) the 03 April Deposition of Daniel Santos, (f) the ERS Lead Dust Sampling of Bostwick's Residence and (g) The Classic Group, Inc's. Masterwork Painting Inc.'s Invoices of Deleading.

188.    However, Substantial Evidence is admitted in an Adjudicatory Proceeding under G.L. c. 30A, State Administrative Proceeding. Consequently, the above Substantive Evidence shall be admitted in an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding." After the Adjudicatory Hearing, the Substantive Evidence shall be entered in the "Bostwick v. Sims 04-02417," concerning Property Encumbrances.

189.    The Relief for Damages against the "Appeals Court" include a loss of Rents up to $828,000 and a loss of property value of $403,800. In addition, concerning the Violation of the Americans with Disabilities Act specifically Bostwick Claims a Damage against the "Appeals Court" of $300,000.

190.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT I -- (See Exhibit A - Count 8)**
**All Defendant(s) and Bostwick are Subject to Equal Protection**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Equal Protection"
"Abuse of Process"
Americans with Disabilities Act (Title 42 c. 126 U.S.C. ξξ 12101)
Title 42 U.S.C. ξ 12102, 12131, 12132, 12133
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Bostwick - Class of One"
Defendant(s): "44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies," "Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims," "Unknown Classic Group," "Barnard," "Bates," "Gantt," "Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities," "Public Health," "Hunter - Official Capacity," "Middlesex Superior Court," "Appeals Court."

191.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-190.

192.    Bostwick was Discriminated Against.

193.    Under Relief and given the Title Encumbrances and Property Encumbrances identified above and their Causation, which is identified in Counts 6 and 7 above; Bostwick is entitled to "Equal Treatment" and "Equal Enforcement of the Laws" as they apply to him, they also apply to the Defendants in this Count under Equitable Relief.

194.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT J -- (See Exhibit A - Count 9)**
**"Hunter - Person," "Levin - Person," "Laskey - Person"**
**Violation of Bostwick's "Title 42 U.S.C.A. § 1983" Rights**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Section 1983"
"Title 42 U.S.C.A. § 1983"
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Richard D. Bostwick"
Defendant(s): "44 Chestnut St," "Leonard J. Sims," "Unknown Classic Group," "Unknown Classic Insurance Entities," "Hunter - Person" "Levin - Person" "Laskey - Person"

195.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-194.

196.    This Count refers to the Actions and Damages by Hunter - Person, Levin - Person and Laskey - Person. Please refer to Facts - The Department of Public Health 02 September 2008 Complaint and  Bostwick's "Notice of Claim for an Adjudicatory Proceeding."

197.    Hunter, Levin and Laskey are individuals who acted under the Color of Law in regards to Title 42 U.S.C.A. § 1983. They Violated Bostwick's Constitutional Rights, intentionally as Evidence by (a) the "Bostwick v. Sims 04-02417" Trial (b) correspondence and Exhibits to them since the Year 2008. Their State of Mind at the time mattered. The Customs and Policies of the DPH, CLPPP have the force of Law.

198.    Paul Hunter and Warren Laskey stated that given the 02 September 2008 Letter and under CLPPP Polices (a) Bostwick's Property can NEVER obtain a Letter of Interim Control or a Letter of Full Deleading Compliance, (b) Bostwick's Property can only obtain a Letter of Unauthorized Deleading, (c) to obtain a current Letter of Unauthorized

Deleading, all of the Units and Land at Bostwick's Property must be Deleaded, (d) upon obtaining an Unauthorized Deleading Letter, the Owner of Bostwick's Property is subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property, (e) all future Owners of Bostwick's Property are encumbered by these CLPPP terms and conditions as Bostwick is currently encumbered by them. These Items constitute a Property Encumbrance on 44 Chestnut Street, Wakefield, MA as applied to Bostwick, all future Owners of 44 Chestnut Street and all Title Insurance Companies of 44 Chestnut Street.

199.    An Expert Witness Report by Architect, Peter Blaisdell identifies the cost of Deleading 44 Chestnut Street to be $275,888. However even when the property is Deleaded, (a) Bostwick's Property can NEVER obtain a Letter of Interim Control or a Letter of Full Deleading Compliance, (b) Bostwick's Property can only obtain a Letter of Unauthorized Deleading, (c) to obtain a current Letter of Unauthorized Deleading, all of the Units and Land at Bostwick's Property must be Deleaded, (d) upon obtaining an Unauthorized Deleading Letter, the Owner of Bostwick's Property is subject to Liability Without Fault, given a Lead Poisoned Child living at or visiting Bostwick's Property, (e) all future Owners of Bostwick's Property are encumbered by these CLPPP terms and conditions as Bostwick is currently encumbered by them. These Items constitute a Property Encumbrance on 44 Chestnut Street, Wakefield, MA as applied to Bostwick, all future Owners of 44 Chestnut Street and all Title Insurance Companies of 44 Chestnut Street.

200.    The Department of Public Health (DPH) generally and in particular Paul Hunter repeatedly represented that Bostwick would get his Adjudicatory Hearing during the "Bostwick v. Sims 04-02417" and "Bostwick v. Classic 08-01465" Trials. However, Bostwick did not get his Adjudicatory Hearing at the "Bostwick v. Sims 04-02417" Trial, which occurred in March 2014. A Precedent was established during the "Bostwick v. Sims 04-02417" Trial, where the Judge refused to admit as Evidence the Factual Testimony of Paul Hunter, Warren Laskey, Anthony Jakaitis and Donna Levin concerning Bostwick's Property. In addition because there was no Adjudicatory Hearing, a Precedent was established where the "Bostwick v. Sims 04-02417" Trial the Judge refused to admit as Evidence as a minimum the following; (a) the DPH, CLPPP, 02 September 2008 Letter, "Unauthorized Deleading Complaint" against Bostwick's Property; (b) Bostwick's "Notice of Claim for an Adjudicatory Proceeding;" (c) the 12 April 2010 Letter from the Office of the General Counsel of the DPH, CLPPP, which Denied Bostwick an Adjudicatory Hearing.; (d) the 21 December 2007, Deposition of Paul Hunter, (e) the 03 April Deposition of Daniel Santos, (f) the ERS Lead Dust Sampling of Bostwick's Residence and (g) The Classic Group, Inc's. Masterwork Painting Inc.'s Invoices of Deleading.

201.    Hunter - Person, Levin - Person and Laskey - Person Violated their Constitutional Duty to Bostwick as follows. The "Supremacy Clause" is the Law of the Land. Bostwick's "Due Process" Rights were Violated. Bostwick was deprived of his right to the liberty of renting and selling his property. Bostwick was deprived of the value of his

property rights concerning Rents and profits from the sale of the property. The process that is due is an Adjudicatory Hearing with "Public Health."

202.    Bostwick was deprived of his "Right to Petition" "Public Health" for an Adjudicatory Hearing. The Department of Public Health fines against Bostwick of $275,888 are in Violation of "No Excessive Fine." The 02 September 2008 Complaint and the response to Bostwick's Notice of Claim for an Adjudicatory Proceeding are a "Bill of Attainder", where Bostwick is guilty without a Hearing or Trail. The Regulations go too far resulting in a "Regulatory Taking."

203.    The Damages against Hunter - Person, Levin - Person and Laskey - Person include a loss of Rents up to $828,000 and a loss of property value of $403,800. The Damages against Hunter - Person, Levin - Person and Laskey - Person requested by Bostwick also include Emotional Distress, Feelings of Unjust Treatment, Fear and Anxiety for an amount of $300,000. In addition, Bostwick also requests Punitive Damages.

204.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT K -- (See Exhibit A - Count 10)**
**All Defendant(s) and Bostwick are Subject to Equal Protection**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Equal Protection"
"Section 1983"
"Title 42 U.S.C.A. § 1983"
"Supremacy Clause" "Due Process" "Right to Petition"
"No Excessive Fines" "Bill of Attainder" "Regulatory Taking"
"Damages and Equitable Relief"

Plaintiff(s): "Bostwick - Class of One"
Defendant(s): "44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies," "Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims," "Unknown Classic Group," "Barnard," "Bates," "Gantt," "Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities," "Public Health," "Hunter - Official Capacity," "Middlesex Superior Court," "Appeals Court."

205.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-204.

206.    Bostwick was Discriminated Against.

207.    Under Relief and given the Title Encumbrances and Property Encumbrances identified above and their Causation, which is identified in Counts 9 above; Bostwick is entitled to "Equal Treatment" and "Equal Enforcement of the Laws" as they apply to him, they also apply to the Defendants in this Count under Equitable Relief.

208.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

## COUNT L -- (See Exhibit A - Count 11)
### Under
### "Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
### Specific Claims are Identified in the Sub-Claims Below

Plaintiff(s):
"Richard D. Bostwick"
Defendant(s):
"44 Chestnut St," "Unknown Classic Group," "Barnard," "Bates," "Gantt,"
"Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities"

209.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-209.

210.    This Count refers to the Actions and Damages by Barnard, Bates, Gantt, Unknown Classic Officers/ Directors, Unknown Classic Insurance Entities. Please refer to Facts - Complaint Against Barnard, Bates, Gantt, Unknown Classic Officers/ Directors.

211.    On 24 January 2014, Bostwick discovered that Classic Restorations, Inc. was NOT Registered as a Home Improvement Contractor from July 25, 1992 to September 09, 2002.

212.    Barnard, Bates, Gantt, Unknown Classic Officers/ Directors and Unknown Classic Insurance Entities are fully Liable for all Damages related to the signed Contract between Classic and Bostwick on 14 December 2001 given Fraudulent Concealment, Fraud, G.L. c. 142A, Piercing the Corporate Veil and the Doctrines of Respondeat Superior and Restatement of Agency and specifically G.L. c. 142A § 9(c) for Barnard, Bates, Gantt and Unknown Classic Officers/ Directors.
Note: Barnard, Bates, Gantt are Material, Relevant, and Known Classic Officers and Directors

## COUNT L.1
### VIOLATION OF
### CONSTRUCTION SUPERVISOR and
### HOME IMPROVEMENT CONTRACTOR LAWS
"Licensed" Construction Supervisor:
(G.L. c. 143 ξ 3A, 59, 93 – 100, -- 780 CMR, 780 CMR R5)
"Registered" Home Improvement Contractor:
(G.L. c. 142A, -- 201 CMR 14, 780 CMR R6)
State Sanitary Code: (G.L. c. 111 ξ 127A – 127K, -- 105 CMR 400, 105 CMR 410)

213.    The Plaintiff restates and incorporates the allegations of paragraphs 1-189.

214.    Under the Home Improvement Contractor Laws, the Plaintiff has a Private Right of Action against the Defendants to include violations of the Building Codes concerning the Construction Supervisor Laws. Under the State Sanitary Code, the Plaintiff has a Private Right of Action against the Defendants concerning improper installation of Electrical Wiring. The laws of COUNT L.1 create an "Implied In Law" Contract between Bostwick and Classic, where Classic completed work at the Plaintiff's Residence on 13 June 2002. Given Classic's Fraudulent Concealment and during a Deposition of Classic on 14 November 2007, Bostwick discovered that Classic violated the Building Laws, while working at his Residence.

215.    Classic was NOT Licensed to perform Kitchen and Living Room Electrical Wiring. Classic failed to obtain the following permits: (a) Kitchen and Bathroom plumbing. (b) Cold Water Main replacement. (c) Ceiling framing and Window repair, replacement and framing. (d) Kitchen and Living Room electrical wiring with 50 Amp Line to Kitchen Stove and (e) Cellar Asbestos removal.

216.    As a result, the Plaintiff sustained significant damages as specified in his 12 December 2007, Written Demand for Relief to Classic. Illegal Electrical Wiring by Classic created a Special Damage, where the Kitchen and Living Room wiring must be replaced and inspected by the State of Massachusetts by first removing and then rebuilding the Kitchen cabinets, sink, counter top, walls and ceiling along with the removing and rebuilding of the Living Room walls and ceiling.

217.    Classic conducted unauthorized Deleading without licenses or permits at Bostwick's Residence; namely, 44 Chestnut Street, Wakefield in violation of G.L. c. 142A (17)(5) by knowingly contracting beyond the scope of the Registration.

218.    Classic operated without a certificate of registration issued by the director in violation of G.L. c. 142A(17)(1).

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

## COUNT L.2
### VIOLATION OF
### LEAD POISONING PREVENTION LAWS and
### STATE SANITARY CODE
Lead Poisoning Prevention & Control: (G.L. c. 111 ξ 189A - 199A, -- 105 CMR 460)
Deleading Regulations: (G.L. c. 149 ξ 6, G.L. c. 111 ξ 189A - 199A, -- 454 CMR 22)
Occupational Lead Poisoning Registry: (G.L. c. 149 ξ 11A, -- 454 CMR 23)
State Sanitary Code: (G.L. c. 111 ξ 127A – 127K, -- 105 CMR 400, 105 CMR 410)

219.    The Plaintiff restates and incorporates the allegations of paragraphs 1-195.

220.    Under the State Sanitary Code, the Plaintiff has a Private Right of Action against the Defendants concerning the Lead Poisoning Prevention & Control Laws, which incorporate by reference the Deleading Regulations and Occupational Lead Poisoning Registry Laws. The laws of COUNT L.2 create an "Implied In Law" Contract between Bostwick and Classic, where Classic completed work at the Plaintiff's Residence on 13 June 2002. Given Classic's Fraudulent Concealment and during a Deposition of Classic on 14 November 2007 and a meeting with the Massachusetts Department of Public Health on 16 November 2007, Bostwick discovered that Classic violated the Lead Poisoning Prevention Laws, while working at his Residence.

221.    Classic was "NOT" an Owner's Agent of Bostwick. Classic was NOT Licensed to perform Lead Inspections, Risk Assessment and Deleading at the Plaintiff's Residence. Classic failed to obtain Deleading permits. Illegal Lead Poisoning Prevention work by Classic included improper work practices, notification of deleading and worker protection. The Massachusetts Department of Public Heath has issued an "Unauthorized Deleading Complaint" against the Plaintiff's Residence because a mantle was dipped/stripped by Classic.

222.    As a result, the Plaintiff sustained significant damages as specified in his 12 December 2007, Written Demand for Relief to Classic. Illegal Deleading by Classic created Special Damages; namely, "Public Health" strict liability, full compliance requirement and property value reduction. Under the full compliance requirement a Letter of Interim Control is NOT allowed. Strict Liability is against current and future homeowner's of Bostwick's Residence, where there is NO Legal Protection from damages to a Lead Poisoned Child resulting in Unlimited Financial Damages.

223.    Classic conducted unauthorized Deleading without licenses or permits at Bostwick's Residence; namely, 44 Chestnut Street, Wakefield in violation of G.L. c. 142A (17)(5) by knowingly contracting beyond the scope of the Registration.

224.    Classic operated without a certificate of registration issued by the director in violation of G.L. c. 142A(17)(1).

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

### COUNT L.3
### MISREPRESENTATION

225.    The Plaintiff restates and incorporates the allegations of paragraphs 1-201.

226.    CLASSIC TRICKED BOSTWICK ON COUNT L.1 & COUNT L.2 VIOLATIONS:
202.a. From 14 December 2001 to 13 June 2002 at the Plaintiff's Residence and Classic-Watertown, both Highsmith and Aruda made Material Representations to Bostwick that

Classic's work at the Plaintiff's Residence was in Compliance with the COUNT L.1 and COUNT L.2 Laws and Regulations. Bostwick Relied upon their Representations.

203.b However, the knowing and willful Silence and Material Representations by Highsmith and Aruda to Bostwick concerning Code Compliance were (1) False, (2) Half-True and (3) Failed to Disclose given Duty to Disclose, where the Circumstances of such Violations and Misrepresentations are identified in COUNT L.1 and COUNT L.2.

203.c If Bostwick knew that Classic had tricked him, then he would have stopped Classic and NOT suffered the Damages in his 12 December 2007, Written Demand for Relief and the Special Damages identified in COUNT L.1 and COUNT L.2.

227.    FRAUDULENT CONCEALMENT BY CLASSIC AGAINST BOSTWICK:

227.a.  By remaining Silent concerning its Violations of COUNT L.1 and COUNT L.2, Classic fraudulently concealed from Bostwick his cause of Action as identified in this First Amended Complaint.

227.b. Classic's willful and knowing Silence with the intent to Deceive Bostwick continued as follows: (1) By Aruda at Classic-Lexington from October 2003 to 13 April 2004. (2) By Bates, Lawlor and Aruda at Classic-Lexington from March to April 2004. (3) And by Bates and his Counsel over the Telephone from 14 April 2004 to 13 November 2007.

227.c.  During a Deposition of Classic on 14 November 2007 and at the office of Leonard J. Sims' Counsel, Bostwick finally Discovered the Violations by Classic of COUNT L.1, COUNT L.2 and this First Amended Complaint generally.

227.d. 140.    On 24 January 2014, Bostwick discovered that Classic Restorations, Inc. was NOT Registered as a Home Improvement Contractor from July 25, 1992 to September 09, 2002.

228.    CLASSIC TRICKED BOSTWICK ON ITEMIZATION OF SIMS DAMAGES:

228.a. Classic tricked Bostwick concerning the performance and delivery of its contractual promise to "Itemize cost of Damages from the previous General Contractor" by failing to provide Bostwick with Sims' Damages in a written Final Correct Report.

228.b. From October 2003 to 13 April 2004, Aruda and Bostwick generated the cost of Sims' Damages. However, in March and April 2004, Bates and Lawlor stopped the project with the promise of its completion at a later time, which never happened.

228.c. Given the STATUTE OF LIMITATIONS, Bostwick RELIED on the Damage Numbers generated by Classic up to that point to submit a Written Demand For Relief with Sims' Damages of $91,714.37 to Leonard J. Sims on 30 April 2004. In pursuit of those Damages by Sims, Bostwick has spent $77,147 in Legal Fees.

228.d. The promise to complete the Sims' Damages Report by Bates and Lawlor at Classic-Lexington during March to April 2004 was knowingly and willingly false with the intent to Deceive Bostwick. By NOT completing the Report, Classic fraudulently concealed from Bostwick his cause of Action as identified in COUNT L.1 and COUNT L.2.

228.e. Bates and Aruda tricked Bostwick again, during the Deposition on 14 December 2007, by Deceitfully claiming that Classic did NOT have the Sims' Damage Numbers generated by Bostwick and Aruda. In addition, with the intent to Deceive everyone, Bates

and Aruda presented Highsmith's Erroneous Report on Sims' Damages that was rejected as being totally incorrect by Aruda during meetings with Bostwick in October 2003.
228.f.  Without Classic's (Bates') Admission of the Damages by Sims' of $91,714.37, which was generated by and with Classic, Bostwick has suffered the Special Damages of $77,147 in Legal Fees and $91,714.37 in Sims' Damages less Court awards against Sims for Bostwick for those particular Sims' Damages.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

**COUNT L.4**
FRAUD

229.    The Plaintiff restates and incorporates the allegations of paragraphs 1-205.

230.    On 24 January 2014, Bostwick discovered that Classic Restorations, Inc. was NOT Registered as a Home Improvement Contractor from July 25, 1992 to September 09, 2002.

231.    As a result, the Plaintiff sustained significant damages as specified in this First Amended Complaint and his 12 December 2007, Written Demand for Relief to Classic.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

**COUNT L.5**
BREACH OF CONTRACT

232.    The Plaintiff restates and incorporates the allegations of paragraphs 1-209.

233.    Classic completed work at the Plaintiff's Residence on 13 June 2002. The laws of COUNT L.1 and COUNT L.2 create an "Implied In Law" Contract between Classic and Bostwick. Classic Breached those "Implied In Law" Contracts with the Claims, Entitlement to Relief and Demand for Judgment as specified in COUNT L.1 and COUNT L.2.

234.    Classic Breached its 14 December 2001 signed Contract with Bostwick, where the Plaintiff Discovered the Breach during Classic's Deposition on 14 November 2007, given Classic's Fraudulent Concealment.  Classic Breached its Contract with Bostwick by failing to obtain the necessary Licenses (electrical wiring, deleading), permits (plumbing, electrical wiring, ceiling and window framing, window repair and replacement, deleading and cellar asbestos removal) and deleading licenses/ permits (5 doors and 1 fireplace mantle). Classic Breached its Contractual Agreement (plans) with the Bostwick by refusing to "Itemize cost of Damages from the previous General Contractor;" namely, Leonard J. Sims, both in Writing and with a Final, Correct Report.

235.   As a result of Classic's Breach of the 14 December 2001 Contract, the Plaintiff sustained significant damages as specified in his 12 December 2007, Written Demand for Relief to Classic. Special Damages include the following: (a) Kitchen and Living Room Electrical Wiring Repair. (b) "Public Health" strict liability, full compliance requirement and property value reduction and (c) Relied upon Leonard J. Sims Damage Numbers and associated Legal Fees as specified in COUNT L.3, Misrepresentation.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

### COUNT L.6
### BREACH OF WARRANTIES

236.   The Plaintiff restates and incorporates the allegations of paragraphs 1-212.

237.   Item #14 of the Contract Terms And Conditions within the 14 December 2001 signed Contract between Classic and Bostwick states the following: "Contractor warrants to the Owner that ... all work will be of good workman like quality, free from material faults and defects and in conformance with the Contract Documents."

238.   Given Classic's Fraudulent Concealment and during a Deposition of Classic on 14 November 2007, Bostwick discovered that Classic violated the Construction Supervisor, Home Improvement Contractor, Lead Poisoning Prevention Laws and 14 December 2001 Contract while working at his Residence. The Claims, Entitlement to Relief and Demand for Judgment for Breach of Warranties by Classic concerning workmanship, material faults/defects and conformance with the Contract Documents are as specified in COUNT L.1, COUNT L.2 and COUNT L.5.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

### COUNT L.7
### RESTITUTION / UNJUST ENRICHMENT

239.   The Plaintiff restates and incorporates the allegations of paragraphs 1-215.

240.   Classic Unjustly Enriched itself by NOT performing the work required under COUNT L.1 and COUNT L.2. A partial list from "COUNT L.1" includes: no licenses, no permits and no standard of care. A partial list from "COUNT L.2" includes: Illegal Lead Inspections, Risk Assessment, Deleading and no Licenses, no Notifications and NO Worker Protection.

241.   Given Classic's Fraudulent Concealment and during a Deposition of Classic on 14 November 2007, Bostwick discovered that Classic violated the Construction Supervisor, Home Improvement Contractor and Lead Poisoning Prevention Laws while working at his Residence. The Claims, Entitlement to Relief and Demand for Judgment

for Violations by Classic concerning Restitution and Unjust Enrichment are as specified in COUNT L.1 and COUNT L.2.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

### COUNT L.8
NEGLIGENCE

242.    The Plaintiff restates and incorporates the allegations of paragraphs 1-218.

243.    Given Classic's Fraudulent Concealment and during a Deposition of Classic on 14 November 2007, Bostwick discovered the Grossly Negligent Actions by Classic both individually and with its Servants given Classic's responsibility for work and responsibility to supervise work at the Plaintiff's Residence.

244.    The Claims, Entitlement to Relief and Demand for Judgment for the Grossly Negligent Actions by Classic are as specified in COUNT L.1 through COUNT L.7.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

### COUNT L.9
VIOLATION OF G.L. c. 93A
REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION
Consumer Protection: (G.L. c. 93A, -- 940 CMR 3.00)

245.    The Plaintiff restates and incorporates the allegations of paragraphs 1-?.

246.    Under G.L. c. 142A Section 17, "Violations of any of the provisions of this chapter (c. 142A) shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A (c. 93A)." Consequently, COUNT L.1 Violations are G.L. c. 93A Violations. The COUNT L.1 Violations were Discovered during Classic's Deposition on 14 November 2007, given Classic's Fraudulent Concealment. The Claims, Entitlement to Relief and Demand for Judgment for these Violations by Classic are as specified in COUNT L.1.

247.    Under G.L. c. 93A, 940 CMR sec. 3.16(3) General, "It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, (State Sanitary Code) or welfare promulgated by the Commonwealth or any political subdivision (Massachusetts Department of Public Health) thereof intended to provide the consumers of this Commonwealth protection." Consequently, COUNT L.2 Violations are G.L. c. 93A Violations. The COUNT L.2 Violations were Discovered during Classic's Deposition on 14 November 2007, given Classic's Fraudulent Concealment. The Claims, Entitlement to Relief and Demand for Judgment for these Violations by Classic are as specified in COUNT L.2.

248.    On or about 12 December 2007 in conformance with G.L. c. 93A, sec. 9; Richard D. Bostwick duly delivered to the Defendant(s) a Written Demand for Relief. On or about 10 January 2008, the Defendant(s) delivered to the Plaintiff a Response to the Plaintiff's said Written Demand. In the Defendant(s) response to the Plaintiff's Written Demand for Relief, the Defendant(s) failed to make a reasonable offer of settlement. This refusal to grant relief was made in bad faith, with knowledge, or with reason to know, that the said acts of Defendant(s) violated G.L. c. 93A sec. 2. Because Classic refused to grant relief, the Plaintiff sustained significant damages as specified in this First Amended Complaint and his 12 December 2007, Written Demand for Relief to Classic.

249.    Classic Violated G.L. c. 93A under Common Law Fraud and G.L. c. 93A, 940 CMR sec. 3.05(1) General Misrepresentations and G.L. c. 93A, 940 CMR sec. 3.16(2) General (Failure to Disclose Material Facts). The Claims, Entitlement to Relief and Demand for Judgment for these Violations by Classic are as specified in the COUNT L.3 and COUNT L.4 sections. The COUNT L.3 and COUNT L.4 Violations were Discovered during Classic's Deposition on 14 November 2007, given Classic's Fraudulent Concealment.

## COUNT L.10
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

250.    The Plaintiff restates and incorporates the allegations of paragraphs 1-226.

251.    Bostwick suffered Negligent Emotional Distress at the Hands of the Defendants.

252.    The Claims, Entitlement to Relief and Demand for Judgment for the Negligent Infliction of Emotional Distress Actions by Classic are as specified in COUNT L.1 through COUNT L.9.

WHEREFORE, Plaintiff respectfully demands judgment, interest, costs and attorney's fees, all as may be provided by law.

## DAMAGES FOR COUNT L

253.    The Damages against Barnard, Bates, Gantt, Unknown Classic Officers/ Directors, Unknown Classic Insurance Entities include a loss of Rents up to $828,000 and a loss of property value of $403,800. The Damages against Barnard, Bates, Gantt, Unknown Classic Officers/ Directors, Unknown Classic Insurance Entities requested by Bostwick also include Emotional Distress, Feelings of Unjust Treatment, Fear and Anxiety for an amount of $300,000. The Damages against Barnard, Bates, Gantt, Unknown Classic Officers/ Directors, Unknown Classic Insurance Entities also include the Sims Damages of $91,714.37. In addition, Bostwick also requests Punitive Damages.

254.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT M -- (See Exhibit A - Count 12)**
**"Bostwick v. DPH 10-01775" Is Void and Vacated**
**with a New Action for the same Cause**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Right to Petition"
"Judges Bound by Constitution" "Due Process"
"Regulatory Taking" "No Excessive Fines" "Bill of Attainder"
"Judgment is Void-Vacated" "Damages and Equitable Relief"

Plaintiff(s):
"Richard D. Bostwick"
Defendant(s):
"44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies,"
"Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims,"
"Unknown Classic Group," "Barnard," "Bates," "Gantt,"
"Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities,"
"Public Health," "Hunter - Person," "Hunter - Official Capacity," "Levin - Person,"
"Laskey - Person," "Appeals Court," "Middlesex Superior Court,"

255.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-230.

256.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

257.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02 March 2011. Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

258.    Given the "Supremacy Clause," the Bankruptcy Law applies in Superior Court. The Judge must follow the "Judges Bound by Constitution." Given "Due Process," "Bostwick v. DPH 10-01775" should have been Stayed. Constitutional Laws were Violated; namely "Regulatory Taking" "No Excessive Fines" and "Bill of Attainder."

259.    Under Case Law and in regards to the Violation of the Automatic Stay concerning "Bostwick v. DPH 10-01775;" the following is stated; "In re Soares, 107 F.3d 969, 37 Collier Bankr. Cas. 2d (MB) 1281, Bankr. L. Rep. (CCH) P 77333 (1st Cir. 1997) (since decision to enter judgment was made after filing, judgment was void)."

260.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order are Void under Bankruptcy Case Law, then under Mass.R.Civ.P. Rule 60(b)(4) and G.L. c. 231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. DPH 10-01775." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. DPH 10-01775" may be commenced within one year. Consequently, this Court may also Order the Dept. of Public Health to have an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding."

261.    The Equitable Relief Requested is that "Bostwick v. DPH 10-01775" is Void, Vacated and a New Action for the same Cause of "Bostwick v. DPH 10-01775" may be commenced within one year. Bostwick is Indigent. The Relief for Damages includes the Waiving of the Defendant(s) Costs of the Previously-Dismissed Action under Mass.R.Civ.P. Rule 41(d).

162.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

### COUNT N -- (See Exhibit A - Count 13)
### "Bostwick v. Sims 04-02417" Is Void and Vacated
### with a New Action for the same Cause
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Right to Petition"
"Judges Bound by Constitution" "Due Process"
"Regulatory Taking" "No Excessive Fines" "Bill of Attainder"
"Judgment is Void-Vacated" "Damages and Equitable Relief"

Plaintiff(s):
"Richard D. Bostwick"
Defendant(s):
"44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies,"
"Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims,"
"Unknown Classic Group," "Barnard," "Bates," "Gantt,"
"Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities,"
"Public Health," "Hunter - Person," "Hunter - Official Capacity," "Levin - Person,"
"Laskey - Person," "Appeals Court," "Middlesex Superior Court,"

263.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-238.

264.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

265.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07

February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02 March 2011. Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

266.    Given the "Supremacy Clause," the Bankruptcy Law applies in Superior Court. The Judge must follow the "Judges Bound by Constitution." Given "Due Process," "Bostwick v. DPH 10-01775" should have been Stayed. Constitutional Laws were Violated; namely "Regulatory Taking" "No Excessive Fines" and "Bill of Attainder."

267.    Under Case Law and in regards to the Violation of the Automatic Stay concerning "Bostwick v. DPH 10-01775;" the following is stated; "In re Soares, 107 F.3d 969, 37 Collier Bankr. Cas. 2d (MB) 1281, Bankr. L. Rep. (CCH) P 77333 (1st Cir. 1997) (since decision to enter judgment was made after filing, judgment was void)."

268.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order  are Void under Bankruptcy Case Law, then under Mass.R.Civ.P. Rule 60(b)(4) and G.L. c. 231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. DPH 10-01775." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. DPH 10-01775" may be commenced within one year. Consequently, this Court may also Order the Dept. of Public Health to have an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding."

269.    Bostwick did not get his Adjudicatory Hearing at the "Bostwick v. Sims 04-02417" Trial, which occurred in March 2014. A Precedent was established during the "Bostwick v. Sims 04-02417" Trial, where the Judge refused to admit as Evidence the Factual Testimony of Paul Hunter, Warren Laskey, Anthony Jakaitis and Donna Levin concerning Bostwick's Property. In addition because there was no Adjudicatory Hearing, a Precedent was established where the "Bostwick v. Sims 04-02417" Trial the Judge refused to admit as Evidence as a minimum the following; (a) the DPH, CLPPP, 02 September 2008 Letter, "Unauthorized Deleading Complaint" against Bostwick's Property; (b) Bostwick's "Notice of Claim for an Adjudicatory Proceeding;" (c) the 12 April 2010 Letter from the Office of the General Counsel of the DPH, CLPPP, which Denied Bostwick an Adjudicatory Hearing.; (d) the 21 December 2007, Deposition of Paul Hunter, (e) the 03 April Deposition of Daniel Santos, (f) the ERS Lead Dust Sampling of Bostwick's Residence and (g) The Classic Group, Inc's. Masterwork Painting Inc.'s Invoices of Deleading.

270.    However, Substantial Evidence is admitted in an Adjudicatory Proceeding under G.L. c. 30A, State Administrative Proceeding. Consequently, the above Substantive Evidence shall be admitted in an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding." After the Adjudicatory Hearing, the Substantive Evidence shall be entered in the "Bostwick v. Sims 04-02417," concerning Property Encumbrances.

271.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order  are Void under Bankruptcy Case Law, then under Mass.R.Civ.P. Rule 60(b)(5) and G.L. c.

231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. Sims 04-02417." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. Sims 04-02417" may be commenced within one year.

272.    The Equitable Relief Requested is that "Bostwick v. Sims 04-02417" is Void and Vacated by the applicable "Appeals Court" or "Middlesex Superior Court" and a New Action for the same Cause of "Bostwick v. Sims 04-02417" may be commenced within one year in "Middlesex Superior Court". Bostwick is Indigent. The Relief for Damages includes the Waiving of the Defendant(s) Costs of the Previously-Dismissed Action under Mass.R.Civ.P. Rule 41(d).

173.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

**COUNT O -- (See Exhibit A - Count 14)**
**"Bostwick v. Sovereign 09-01755" Is Void and Vacated**
**with a New Action for the same Cause**
**"Bostwick v. Santander - Land" Is Void and Vacated**
**with a New Action for the same Cause**
Under
"Supervisory Jurisdiction" "All Writs Act" "Anti-Injunction Act"
"Supremacy Clause" "Right to Petition"
"Judges Bound by Constitution" "Due Process"
"Regulatory Taking" "No Excessive Fines" "Bill of Attainder"
"Judgment is Void-Vacated" "Damages and Equitable Relief"

Plaintiff(s):
"Richard D. Bostwick"
Defendant(s):
"44 Chestnut St," "Unknown Property Owners," "Unknown Title Insurance Companies,"
"Santander Bank," "Fannie Mae," "Orlans Moran," "Leonard J. Sims,"
"Unknown Classic Group," "Barnard," "Bates," "Gantt,"
"Unknown Classic Officers/ Directors," "Unknown Classic Insurance Entities,"
"Public Health," "Hunter - Person," "Hunter - Official Capacity," "Levin - Person,"
"Laskey - Person," "Appeals Court," "Middlesex Superior Court,"

274.    The Plaintiff(s) restate and incorporate the allegations of paragraphs 1-248.

275.    On January 25, 2011 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition pursuant to title 11 of the United States Code, 11 U.S.C. ξξ 101 et seq. The Debtor's chapter 7 petition Stayed the following cases: (a) "Bostwick v. Classic 08-01465" and (b) "Bostwick v. DPH 10-01775."

276.    Without the Middlesex Superior Court's or Bostwick's knowledge of The Classic Group, Inc. Chapter 7 Bankruptcy, a Rule 12 Hearing to Dismiss was conducted on 07 February 2011 concerning "Bostwick v. DPH 10-01775". The Case was Dismissed on 02

March 2011. Consequently, the Officers and Directors of The Classic Group, Inc. Violated the Automatic Stay under Title 11 § 362(a)(1) and the Court did the same.

277.    Given the "Supremacy Clause," the Bankruptcy Law applies in Superior Court. The Judge must follow the "Judges Bound by Constitution." Given "Due Process," "Bostwick v. DPH 10-01775" should have been Stayed. Constitutional Laws were Violated; namely "Regulatory Taking" "No Excessive Fines" and "Bill of Attainder."

278.    Under Case Law and in regards to the Violation of the Automatic Stay concerning "Bostwick v. DPH 10-01775;" the following is stated; "In re Soares, 107 F.3d 969, 37 Collier Bankr. Cas. 2d (MB) 1281, Bankr. L. Rep. (CCH) P 77333 (1st Cir. 1997) (since decision to enter judgment was made after filing, judgment was void)."

279.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order are Void under Bankruptcy Case Law, then under Mass.R.Civ.P. Rule 60(b)(4) and G.L. c. 231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. DPH 10-01775." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. DPH 10-01775" may be commenced within one year. Consequently, this Court may also Order the Dept. of Public Health to have an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding."

280.    Bostwick did not get his Adjudicatory Hearing at the "Bostwick v. Sims 04-02417" Trial, which occurred in March 2014. A Precedent was established during the "Bostwick v. Sims 04-02417" Trial, where the Judge refused to admit as Evidence the Factual Testimony of Paul Hunter, Warren Laskey, Anthony Jakaitis and Donna Levin concerning Bostwick's Property. In addition because there was no Adjudicatory Hearing, a Precedent was established where the "Bostwick v. Sims 04-02417" Trial the Judge refused to admit as Evidence as a minimum the following; (a) the DPH, CLPPP, 02 September 2008 Letter, "Unauthorized Deleading Complaint" against Bostwick's Property; (b) Bostwick's "Notice of Claim for an Adjudicatory Proceeding;" (c) the 12 April 2010 Letter from the Office of the General Counsel of the DPH, CLPPP, which Denied Bostwick an Adjudicatory Hearing.; (d) the 21 December 2007, Deposition of Paul Hunter, (e) the 03 April Deposition of Daniel Santos, (f) the ERS Lead Dust Sampling of Bostwick's Residence and (g) The Classic Group, Inc's. Masterwork Painting Inc.'s Invoices of Deleading.

281.    However, Substantial Evidence is admitted in an Adjudicatory Proceeding under G.L. c. 30A, State Administrative Proceeding. Consequently, the above Substantive Evidence shall be admitted in an Adjudicatory Proceeding concerning Bostwick's, 02 March 2010, "Notice of Claim for an Adjudicatory Proceeding." After the Adjudicatory Hearing, the Substantive Evidence shall be entered in the "Bostwick v. Sovereign 09-01755," concerning Property Encumbrances.

282.    Title Encumbrances for "Bostwick v. Sovereign 09-01755" are included in the Case by the Requested Relief of the Courts Violation of the Americans with Disabilities

Act (Title 42 c. 126 U.S.C. §§ 12101) generally and under Title 42 U.S.C. § 12102, 12131, 12132, 12133 specifically.

283.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order  are Void under Bankruptcy Case Law, then under Mass.R.Civ.P. Rule 60(b)(5) and G.L. c. 231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. Sovereign 09-01755." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. Sovereign 09-01755" may be commenced within one year.

284.    Given Fraud on the Court by "Santander Bank" and "Fannie Mae," "Bostwick v. Sovereign 09-01755" is Void and Vacated under Mass.R.Civ.P. Rule 60(b)

285.    The Equitable Relief Requested is that "Bostwick v. Sovereign 09-01755" is Void, Vacated and a New Action for the same Cause of "Bostwick v. Sovereign 09-01755"  may be commenced within one year. Bostwick is Indigent. The Relief for Damages includes the Waiving of the Defendant(s) Costs of the Previously-Dismissed Action under Mass.R.Civ.P. Rule 41(d).

286.    Given that the "Bostwick v. DPH 10-01775" Judgment and following Order  are Void under Bankruptcy Case Law and that "Bostwick v. Sovereign 09-01755" Is Void and Vacated under Mass.R.Civ.P. Rule 60(b)(5), then under Mass.R.Civ.P. Rule 60(b)(5) and G.L. c. 231 § 96, there is Relief from the Judgment and Order concerning "Bostwick v. Santander - Land." Under G.L. c. 260 § 32 a New Action for the same Cause of "Bostwick v. Santander - Land" may be commenced within one year.

287.    The Equitable Relief Requested is that "Bostwick v. Santander - Land" is Void, Vacated and a New Action for the same Cause of "Bostwick v. Santander - Land"  may be commenced within one year. Bostwick is Indigent. The Relief for Damages includes the Waiving of the Defendant(s) Costs of the Previously-Dismissed Action under Mass.R.Civ.P. Rule 41(d).

288.    For this Particular Count and its applicable, attached Exhibit A Count, Requested Relief includes this District Court's full and final Litigation of each applicable Claim and Issue for each applicable Plaintiff and Defendant.

WHEREFORE, Plaintiff(s) respectfully requests that this court enter judgment against Defendant[s], jointly and severally; that the Plaintiff(s) be awarded damages in an amount to be determined by the court; that plaintiff be awarded interest, costs and attorney's fees; and that the court award such other relief as this court deems just and proper.

**AND**
The Pro Se Plaintiff(s) respectfully demand of this honorable court a Trial by Jury on all counts of this Complaint as to all Claims so Triable and with the requested stated Relief.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This Original Complaint and Demand for Trial by Jury is NOT an attempt by Bostwick to Collect a Debt in Violation of the Automatic Stay (United States Code Title 11 § 362) concerning The Classic Group, Inc. previously known as (p.k.a.) Classic Restorations, Inc. (See Middlesex Superior Court Civil Action No.(s) 08-01465 (Now 0881CV01465) and 10-01775 (Now 1081CV01775) and U.S. Bankruptcy Court, District of Mass., Eastern Division, Bankruptcy Case No. 11-10574-JNF and Adversary Proceeding No. 12-01137-JNF and its Sequence).

Middlesex Superior Court Civil Action No.(s) 08-01465 (Now 0881CV01465) and 10-01775 (Now 1081CV01775) are currently Stayed because the Debtor, Debtor's Property, Estate of the Debtor and the Insurance Policy Entities/ Companies insuring The Classic Group, Inc. p.k.a. Classic Restorations, Inc. and their Officers and Directors are all Stayed.

This Complaint identifies as UNKNOWN PARTIES, the Stayed Debtor, Debtor's Property, Estate of the Debtor and the Insurance Policy Entities/ Companies insuring The Classic Group, Inc. p.k.a. Classic Restorations, Inc. and their Officers and Directors.

**************************

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the Dismissal of my case.

The Pro Se Plaintiff(s), Richard D. Bostwick and Richard D. Bostwick as a Class of One, declare under the pains and penalties of perjury and sign on December 05, 2017 that the foregoing is true and correct.

Date of Signing: December 05, 2017
Printed Name of Plaintiff(s): Richard D. Bostwick

Signature of Plaintiff:

*Richard D. Bostwick*

Richard D. Bostwick and

Richard D. Bostwick as a Class of One
BSEE, MSECE, MSCS
Pro Se Plaintiff(s)
44 Chestnut Street,
P.O. Box 1959
Wakefield, MA 01880-5959
(781) 279-0789 (Land Line)