UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD D. BOSTWICK and RICHARD D. BOSTWICK as a CLASS OF ONE,<br><br>Plaintiffs,<br><br>v.<br><br>44 CHESTNUT STREET, et al.,<br><br>Defendants. | Civil Action No. 17-cv-12409-ADB |

## MEMORANDUM AND ORDER ON DEFENDANTS SANTANDER AND FANNIE MAE'S MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Richard D. Bostwick ("Plaintiff") asserts claims for various civil rights violations allegedly stemming from foreclosure proceedings related to his home and from decisions made by the Land Court, Middlesex Superior Court, and the Massachusetts Appeals Court in various civil suits surrounding ongoing issues at his property. [ECF No. 1 ("Complaint" or "Compl.")]. Santander Bank, N.A. ("Santander") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants") have moved to dismiss the claims against them pursuant to res judicata, the Rooker-Feldman doctrine, Federal Rule of Civil Procedure 8, and Federal Rule of Civil Procedure 12(b)(6). [ECF No. 68]. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

### I. BACKGROUND

#### A. Factual Background

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo

Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65–66 (1st Cir. 2008) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003).[1]

As here, where the Plaintiff is proceeding *pro se*, the Court "hold[s] *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249-ADB, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). Accordingly, the Court liberally construes Plaintiff's complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff owns a multi-family home at 44 Chestnut Street in Wakefield, MA ("44 Chestnut Street"). [Compl. ¶ 1]. On January 31, 2003, Plaintiff signed a mortgage for 44 Chestnut Street with Sovereign Bank. [ECF No. 1-1 ¶ 75]. On February 10, 2003, the mortgage was assigned to Fannie Mae. [Id.]. On September 15, 2015, Santander, through Orlans Moran PLLC, entered an Order of Notice against Plaintiff's property at 44 Chestnut Street. [Compl. ¶ 71]. On November 12, 2015, the Land Court entered an order allowing a foreclosure sale within three weeks of publication of notice of the sale. [Id.]. Notice of the foreclosure sale was published on February 22, 2016. [ECF No. 100-45]. The foreclosure auction was held on April 29, 2016. [ECF No. 100-46].

---

[1] The Court considers Exhibit A attached to the Complaint as incorporated by reference. See Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993). Exhibit A is the first amended complaint from a substantially similar action Plaintiff brought in state court in 2015. Because the Complaint filed in this action appears to be missing pages, the Court relies on assertions in the nearly identical first amended complaint to fill in the gaps.

2

### B. History of Prior Litigation

Plaintiff, Santander, and Fannie Mae have been litigating issues related to the mortgage on 44 Chestnut Street since 2008, at which time Santander was known as Sovereign Bank.[2] Below, the Court recaps, in relevant part, the litigation between Plaintiff, Santander, and Fannie Mae.

#### 1. Land Court Servicemembers Claims

In 2008, Sovereign Bank filed a Servicemembers' Civil Relief Act ("SCRA") action in Massachusetts Land Court seeking a declaration that Plaintiff was not entitled to the benefits of the SCRA, which provides financial protections to members of the military. See Sovereign Bank v. Bostwick, No. 08-Misc-388922 (Mass. Land Ct.). The Land Court dismissed the case in light of a preliminary injunction entered by the Middlesex Superior Court in a related case that "enjoin[ed] [Sovereign Bank] from proceeding in all actions relating to foreclosure against [Bostwick's] property." [ECF No. 100-42].[3]

In 2015, after initiating steps towards a foreclosure, Santander filed an SCRA action in Land Court again seeking a declaration that Plaintiff was not entitled to the benefits of the SCRA. See Santander Bank, N.A. v. Bostwick, No. 15-SM-006460 (Mass. Land Ct. 2015). The Land Court issued a judgment that Plaintiff was not entitled to the benefits of the SCRA. Id.

#### 2. Land Court Try Title and Trespass Claims

In 2016, Plaintiff filed an action for try title and trespass against Santander; Fannie Mae; Orlans Moran PLLC; Saturn Realty Group, LLC; Unknown Future Property Owners Claiming

---

[2] Sovereign Bank changed its name to Sovereign Bank, N.A. in 2012, and then to Santander Bank, N.A. in 2013.

[3] As noted below, the Superior Court later granted summary judgment in favor of Santander and Fannie Mae. See [ECF No. 69-4].

Title to 44 Chestnut Street, Wakefield, Mass.; and, Unknown Future Title Insurance Companies providing Title Insurance to Unknown Future Property Owners Claiming Title to 44 Chestnut Street, Wakefield, Mass. See [ECF No. 69-7]. On September 28, 2016, the Land Court granted the defendants' motions to dismiss the try title claim on the ground that the action was barred under Massachusetts Rule of Civil Procedure 12(b)(9) due to a then-pending action in Middlesex Superior Court. See [ECF No. 69-8]. The Land Court also dismissed the trespass claim against all defendants under Massachusetts Rule of Civil Procedure 12(b)(6), finding that Plaintiff had not pled facts that could plausibly establish a trespass claim. [Id.]. On March 26, 2018, the Massachusetts Appeals Court affirmed the Land Court's decision dismissing the action. See [ECF No. 69-9].

### 3. Middlesex Superior Court Litigation

In 2009, Plaintiff brought suit against Santander and Fannie Mae in Middlesex Superior Court ("Superior Court") alleging wrongful foreclosure, unlawful failure to remediate lead paint contamination, and improper failure to offer a loan modification ("2009 Action"). See [ECF No. 69-4]. On May 19, 2009, the Superior Court granted a preliminary injunction staying the foreclosure of Plaintiff's property. Bostwick v. Sovereign Bank, No. 2009-MICV-01755 (Mass. Super. Ct.). On October 31, 2012, the Superior Court granted summary judgment in favor of Santander and Fannie Mae, finding that "1.) there has been no foreclosure; 2.) the defendants owed no duty to remediate the lead contamination at Mr. Bostwick's property; and 3.) the defendants had no obligation to work out Mr. Bostwick's personal financial problems." See [ECF No. 69-4 at 2]. The Massachusetts Appeals Court affirmed this decision and denied Plaintiff's request for further appellate review. See [id. at 3–4].

4

In 2015, Plaintiff filed an action in Superior Court alleging claims against 20 defendants that substantially mirrored the claims brought in the action currently before the Court ("2015 Action"). See [ECF No. 1-1]. The Superior Court granted Santander and Fannie Mae's motion to dismiss on April 20, 2016, finding that Plaintiff's claims were barred by claim preclusion and that the 2015 Action was merely an attempt to relitigate the 2009 Action. See [ECF No. 69-5]. The Court entered final judgment for Santander and Fannie Mae on September 16, 2016. See Judgment, Bostwick v. 44 Chestnut Street, No. 2015-MISC-05636 (Mass. Super. Ct. Sept. 16, 2016) ("Bostwick 2015"). Plaintiff appealed this judgment. See Bostwick v. 44 Chestnut Street, 2017-P-0414 (Mass. App. Ct. 2017). The Appeals Court vacated the appeal due to ongoing litigation in the 2015 Action, but without prejudice to re-entering the appeal upon conclusion of the 2015 Action. See id. Plaintiff noticed a second appeal on August 14, 2018, see Notice of Appeal, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. Aug. 14, 2018), Dkt. No. 89, but it has not yet been docketed with the Appeals Court.[4] The Court takes judicial notice of both the 2009 and 2015 Actions. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001).

### C. Procedural History

Plaintiff filed the present Complaint on December 6, 2017, which attaches and repeatedly references the first amended complaint from the 2015 Action. See [Compl.; ECF No. 1-1]. Santander and Fannie Mae moved to dismiss the claims against them on April 12, 2018. [ECF No. 68]. Plaintiff opposed their motion on May 15, 2018. [ECF No. 98].

## II. DISCUSSION

The Complaint asserts the following claims against Santander and Fannie Mae, which Plaintiff identifies by letter:

---

[4] The Superior Court has not finished assembling the record.

5

| | |
|---|---|
| A. | Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court |
| F., I., K. | Equal Protection Violations |
| G. | "Middlesex Superior Court" and "Appeals Court" Violations of Bostwick's Rights |
| M. | "Bostwick v. DPH 10-01775" Is Void and Vacated with a New Action for the same Cause |
| N. | "Bostwick v. Sims 04-02417" Is Void and Vacated with a New Action for the same Cause |
| O. | "Bostwick v. Sovereign 09-01755" Is Void and Vacated with a New Action for the same Cause "Bostwick v. Santander – Land" Is Void and Vacated with a New Action for the same Cause |

See [Compl.].

Defendants argue that the counts against them are barred by the doctrine of res judicata, the Rooker-Feldman doctrine, and Rules 8 and 12(b)(6). See [ECF No. 69]. Plaintiff responds that the Massachusetts Appeals Court decision states that there is no res judicata and that the Rooker-Feldman doctrine does not apply. See [ECF No. 99]. The Court finds that dismissal of Counts F, G, I, K, M, N, and O is required under the doctrine of res judicata. The Court further finds that Count A should be partially dismissed pursuant to the Rooker-Feldman doctrine, and dismissed in its entirety pursuant to Rule 12(b)(6).[5]

### A. Res Judicata

"Res judicata" is a broad term that refers to the concepts of both claim preclusion and issue preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Kobrin v. Bd. of Reg. in Med., 832 N.E.2d 628, 634 (Mass. 2005) (citing Heacock v. Heacock, 520 N.E.2d 151, 152 n.2

---

[5] The Court does not reach the issue of Rule 8 as an alternative ground for dismissal of Counts A, F, G, I, K, M, N, and O, but notes that the Superior Court has observed that the allegations as drafted in the 2015 Action did not meet Rule 8 of the Massachusetts Rules of Civil Procedure, which is analogous to Rule 8 of the Federal Rules of Civil Procedure. See [ECF No. 69-5 at 4 n.3].

(Mass. 1988)). Although res judicata is an affirmative defense, it may be adjudicated on a motion to dismiss for failure to state a claim. See United States v. Raytheon Co., 334 F. Supp. 3d 519, 523 (D. Mass. 2018) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d at 16). "Dismissal under res judicata, however, can only occur where the facts that establish the defense are conclusive and definitively ascertainable from 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." Id. The Court may take judicial notice of proceedings in other courts, including state courts. See Maher, 272 F.3d at 86 n.3 ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990))); see also Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983) (concluding that a district court may take judicial notice of a state court judgment for res judicata).

As here, where the Defendants assert a res judicata claim based on a state court judgment, the Court applies the relevant state law of res judicata. See Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court."). Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock, 520 N.E.2d at 152–53. To establish claim preclusion, a party must demonstrate "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

7

Defendants have established claim preclusion as to Counts F, G, I, K, M, N, and O based on the 2015 Action, which involved the same parties, concerned the same causes of action, and were adjudicated to a final judgment on the merits. First, there is identity of parties between this action and the 2015 Action because both actions were brought by Plaintiff against Santander and Fannie Mae, among other defendants. Second, there is identity of the causes of action because the causes alleged here in Counts F, G, I, K, M, N, and O are substantively identical to those alleged in Counts 5, 6, 8, 10, 12, 13, and 14 of the 2015 Action. Compare [Compl. ¶¶ 168–71, 174–79, 192–93, 206–07, 256–61, 264–72, 275–85], with [ECF No. 1-1 ¶¶ 151–54, 156–61, 172–73, 184–85, 232–37, 240–48, 250–60]. Finally, there was a final judgment on the merits in the 2015 Action when the claims were dismissed on claim preclusion grounds based on a final judgment in the 2009 Action.[6] See [ECF No. 69-5 (finding that "[t]he facts that Bostwick has asserted against the defendants in the present case do not set forth a plausible claim for relief for any causes of actions that differ from Bostwick's claims in [the 2009 Action]" and dismissing the claims under res judicata)]. It is well-settled that a motion to dismiss is an adjudication upon

---

[6] The Massachusetts Appeals Court raised the question of whether the 2009 Action may operate as res judicata in a footnote, but did not decide the issue. See [ECF No. 69-9 (observing in a footnote that "contrary to Santander's and Fannie Mae's representations to the judge in the [2015 Action], the plaintiff's claim in the [2009 Action] was dismissed because it was not ripe; it was not adjudicated on the merits. Nonetheless, whether the judgment in the 2009 action operates as res judicata is an issue that is not properly before us in the current appeal.")]. Plaintiff references this footnote in his briefing. See [ECF No. 99 at 7–9].With regards to the 2015 Action, notwithstanding the pending appeal, the motion to dismiss decision is a final judgment for purposes of res judicata. See In re Ricciardi, 488 B.R. 11, 19 (Bankr. D. Mass. 2013) (holding under Massachusetts law that a state court judgment with a pending appeal was a final judgment on the merits and has preclusive effect because "[t]he fact that that judgment is subject to a pending appeal means that it is subject to possible reversal or vacatur on appeal; but the judgment did enter, and any modification on appeal would be an action upon a final judgment"); Darbouze v. Mortg. Elec. Reg. Sys., Inc., No. 13 MISC 477963(HPS), 2015 WL 3453641, at *5 (Mass. Land Ct. May 28, 2015) ("Under both Massachusetts law and federal law, 'a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal.'" (quoting Depianti v. Jan–Pro Franchising Int'l, Inc., 39 F. Supp. 3d 112, 125 (D. Mass. 2014))).

the merits. See Mass. R. Civ. P. 41(b)(3) (stating that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 . . . operates as an adjudication upon the merits"); Mestek, Inc. v. United Pac. Ins. Co., 667 N.E.2d 292, 294 (Mass. App. Ct. 1996) ("Because a motion to dismiss is not one of the specific categories of dismissal which is excluded by the plain language of [Mass. R. Civ. P. 41(b)(3)], we view a motion to dismiss under Mass. R. Civ. P. 12(b)(6) as an adjudication on the merits.").

### B. Rooker-Feldman Doctrine

The remaining claim asserted against Santander and Fannie Mae is Count A, which requests supervisory jurisdiction over state courts and the bankruptcy court given "State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) State Court(s)' Violations of Bostwick's Constitutional Rights and (c) State Court(s)' Denial of Protection or Effectuation of Federal Judgments." [Compl. at 13]. Count A implicates three alleged violations of the All Writs Act and Anti-Injunction Act by the Middlesex Superior Court. [Compl. ¶¶ 131–131.10]. The first is the March 21, 2011 order from Bostwick v. Department of Public Health, No. 1081CV01775 (Mass. Super. Ct.), denying Plaintiff's motion to vacate the court's declaratory judgment and to strike its memorandum of decision and order on defendants' motion to dismiss ("DPH Litigation"). See [Compl. ¶ 131.3]; Order, Bostwick v. Dep't of Pub. Health, No. 1081CV01775 (Mass. Super. Ct. Mar. 21, 2011). The second and third are the memorandum and order granting Santander and Fannie Mae's motion to dismiss and the judgment of dismissal of their claims in the 2015 Action.[7] See [Compl. ¶¶ 131.7, 131.9]; Mem. & Order, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. Apr. 21, 2016); J. of Dismissal, Bostwick 2015, No.

---

[7] Three other orders on related motions to dismiss were also entered on April 21, 2016 in the 2015 Action, but they are not relevant here.

9

2015-MISC-05636 (Mass. Super. Ct. July 11, 2017). In addition to alleging that these state court decisions violated the automatic stay (which calls into question whether the federal courts had jurisdiction) and denied Plaintiff the protection of his alleged bankruptcy judgment, Count A also requests the "full and final Litigation of each applicable Claim and Issue . . . in this District Court Complaint and its attached [first amended complaint from the 2015 Action]." [Compl. ¶ 132].

Defendants argue that Count A is barred by the Rooker-Feldman doctrine because this court lacks jurisdiction to review state court decisions or to consider claims "that are inextricably intertwined with review of those proceedings." [ECF No. 69 at 10–12]. Plaintiff responds that the Rooker-Feldman doctrine does not apply to this action because the DPH Litigation is stayed and because the 2015 Action "has not gone to Final Judgment and is being reviewed for Staying."[8] [ECF No. 99 at 10 (citing In re Foss, 328 B.R. 780, 782–83 (8th Cir. 2005) ("The Rooker-Feldman doctrine is a jurisdictional rule that applies to final judgments or orders, not to pending litigation in state courts."))].

"Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)). Unlike res judicata, the Rooker-Feldman doctrine "does not depend on what issues were actually litigated in the state court;" rather, "it is enough

---

[8] As a factual matter, the DPH Litigation is not stayed. The Superior Court issued a declaratory judgment and granted the defendants' motion to dismiss. See Order, Bostwick v. Dep't of Pub. Health, No. 1081CV01775 (Mass. Super. Ct. Mar. 21, 2011). The case is now closed, not stayed.

10

that granting [plaintiff the relief] he seeks would effectively overturn the state court's decision." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 (1st Cir. 2004). The doctrine "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Riley v. Decoulos (In re Am. Bridge Prods., Inc.), 599 F.3d 1, 4 (1st Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 291). "It is a condition precedent to the application of the Rooker-Feldman doctrine that, at the time the federal-court suit is commenced, the state-court proceedings have ended." Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663–64 (1st Cir. 2010) (citing Federación de Maestros de P.R., 410 F.3d at 24–29).

To the extent that Count A concerns the DPH Litigation, it must be dismissed under the Rooker-Feldman doctrine. Plaintiff seeks review and rejection of a state court order from the DPH Litigation. Granting Plaintiff his requested relief would require this Court to "effectively overturn the state court's decision." See Maymo-Melendez, 364 F.3d at 33. The Rooker-Feldman doctrine, however, does not apply to Count A as it pertains to the 2015 Action because that state court action is on appeal and therefore has not concluded. See supra at 4–5; Coggeshall, 604 F.3d at 663–64 (noting that application of Rooker-Feldman doctrine requires that state court litigation has ended). Accordingly, the application of the Rooker-Feldman doctrine requires dismissal of Count A only to the extent it requires this Court to review and overturn the state court decision in the DPH Litigation.

### C. Rule 12(b)(6)

The Court also finds that Count A should be dismissed against Santander and Fannie Mae pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

11

court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)).

Count A requests "supervisory jurisdiction" over state courts and the bankruptcy court based on the courts' alleged "[u]surpation" of federal court jurisdiction, violations of Plaintiff's constitutional rights, and "[d]enial of [p]rotection of [e]ffectuation of [f]ederal [j]udgements." [Compl. at 13]. Of the 38 paragraphs that make up Count A, only one even includes references to Santander, and none reference Fannie Mae. See [Compl. ¶ 133.4 ("'Saturn Realty Group,' the alleged High Bidder, Claims to be in Privities with 'Santander Bank' and 'Orlans Moran.' Consequently, Facts, Claims, Issues and consequential Damages concerning 'Santander Bank' and 'Orlans Moran' in this Complaint are applicable to 'Saturn Realty Group.'")]. These sparse facts, even with the liberal reading afforded to *pro se* litigants, cannot plausibly state a claim to relief against Santander or Fannie Mae. See A.G. ex rel. Maddox, 732 F.3d at 80.

## III. CONCLUSION

Accordingly, Santander and Fannie Mae's motion to dismiss [ECF No. 68] is GRANTED. Counts A, F, G, I, K, M, N, and O are dismissed to the extent that they assert claims against Defendants Santander and Fannie Mae.

12

**SO ORDERED.**

March 27, 2019                                     /s/ Allison D. Burroughs
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE