UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD D. BOSTWICK and RICHARD D.    \*
BOSTWICK as a CLASS OF ONE,                \*
                                                        \*
            Plaintiffs,                          \*
                                                        \*
            v.                                          \*        Civil Action No. 17-cv-12409-ADB
                                                        \*
44 CHESTNUT STREET, et al.,               \*
                                                        \*
            Defendants.                      \*
                                                        \*

## **MEMORANDUM AND ORDER ON COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**

BURROUGHS, D.J.

      Plaintiff Richard D. Bostwick ("Plaintiff") asserts claims for various civil rights violations allegedly stemming from the Massachusetts Department of Public Health's denial of his request for an adjudicatory hearing related to unauthorized deleading at his home, and decisions made by the Land Court, Middlesex Superior Court, and the Massachusetts Appeals Court in various civil suits surrounding ongoing issues at his property. [ECF No. 1 ("Complaint" or "Compl.")]. Defendants Commonwealth of Massachusetts Executive Office of Health and Human Services Department of Public Health ("DPH"), Donna Levin ("Levin"), Paul N. Hunter ("Hunter"), Warren M. Laskey ("Laskey"), the Land Court, the Middlesex Superior Court ("Superior Court"), and the Massachusetts Appeals Court ("Appeals Court") (collectively, "Commonwealth Defendants") have moved to dismiss the claims against them on the grounds that the claims are barred by Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 63]. For the reasons set forth below, the Commonwealth Defendants' motion to dismiss is GRANTED.

I.  BACKGROUND

   A.  Factual Background

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65–66 (1st Cir. 2008) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).[1]

As here, where the Plaintiff is proceeding *pro se*, the Court "hold[s] *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-CV-12249-ADB, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). Accordingly, the Court liberally construes Plaintiff's complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff owns a multi-family home at 44 Chestnut Street in Wakefield, MA ("44 Chestnut Street"). [Compl. ¶ 1]. Between 2001 and 2002, Plaintiff worked with various contractors, including the Classic Group, Inc. ("Classic Group") and Leonard J. Sims ("Sims"), to delead portions of 44 Chestnut Street, including nine window units and a mantle. [ECF No. 1-1 ¶¶ 30, 82–84]. During a deposition on November 14, 2007, for an unspecified action,

---

[1] The Court considers Exhibit A attached to the Complaint as incorporated by reference. See Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993). Exhibit A is the first amended complaint from a substantially similar action Plaintiff brought in state court in 2015. Because the Complaint filed in this action appears to be missing pages, the Court relies on assertions in the nearly identical first amended complaint to fill in the gaps.

Plaintiff discovered that one of the contractors lacked the required licenses or permits for the deleading work performed at 44 Chestnut Street. [Id. ¶ 85].

At unspecified times, Plaintiff met up to fifteen times with Paul Hunter, the director of the Childhood Lead Poisoning Prevention Program ("CLPPP") at the Massachusetts Department of Public Health ("DPH") concerning the deleading activities at his property. [Compl. ¶ 40]. On May 30, 2008, Plaintiff submitted to DPH a "Report and Evidence of Unauthorized Deleading" at 44 Chestnut Street by Sims and the Classic Group. [ECF No. 1-1 ¶ 33]. Hunter directed Plaintiff to work with Warren Laskey to conduct a re-inspection of 44 Chestnut Street. [Id. ¶ 34]. During the August 2008 inspection, DPH determined that the deleading activities had been conducted without the required permits and found that 44 Chestnut Street still had lead hazards. [Id.]. Plaintiff was notified of this by letter dated August 21, 2008. [Id.]. On September 2, 2008, CLPPP filed an unauthorized deleading complaint against 44 Chestnut Street ("Deleading Complaint"), which stated that DPH would not issue a "Letter of Unauthorized Deleading" for 44 Chestnut Street until Plaintiff remediated the remaining lead hazards. [Id. ¶¶ 35–36]. The status of the deleading at 44 Chestnut Street has been publicly posted by DPH since 2008. [Id. ¶ 37]. Plaintiff feels unable to market or lease rental units at 44 Chestnut Street or to sell the property. [Id. ¶ 43]. The approximate cost of completing the deleading of 44 Chestnut Street has been estimated to be $275,888. [Compl. ¶ 49].

### B. History of Administrative Proceedings and Prior Litigation

On March 2, 2010, Plaintiff served DPH with a "Notice of Claim for Adjudicatory Proceeding" concerning the Deleading Complaint. [ECF No. 1-1 ¶ 38]. DPH denied the request on April 12, 2010 and informed Plaintiff that "[p]ursuant to 105 CMR 460.900, you are not entitled to an adjudicatory hearing since, as you know, lead violations remain on your property

3

. . . ." [Id. ¶ 40]. On May 7, 2010, Plaintiff filed an action in Superior Court against DPH, the Classic Group, and various entities associated with Sims seeking judicial review of this decision ("DPH Litigation"). [ECF No. 100-21]. On March 2, 2011, the Superior Court dismissed the complaint and entered a declaratory judgment that "105 [C.M.R.] 460.900 is not unconstitutional as applied to the facts of this case" and "[t]hat the plaintiff has no present right to a hearing, inspection or other relief from the Department of Public Health or to include Leonard J. Sims [or] the Classic Group, Inc., in any present claim against the Department of Public Health." [Id. at 5].

In September 2015, Plaintiff filed another action in Superior Court alleging claims against 20 defendants, including DPH, Hunter, Levin, Laskey, the Superior Court, and the Appeals Court that substantially mirror the claims brought in the action currently before the Court ("2015 Action"). See [ECF No. 1-1]. These defendants moved to dismiss all claims against them. See [ECF No. 64-2]. On April 14, 2016, the Superior Court allowed the defendants' motion to dismiss and held (1) that the claims asserted against DPH, Hunter, Levin, and Laskey were barred by the doctrine of claim preclusion based on the final judgment in the DPH Litigation and (2) that the complaint failed to state a claim for a constitutional violation or a violation of the Americans with Disabilities Act ("ADA") claims. [Id. at 5, 8–11]. The Superior Court entered a final judgment for DPH, Hunter, Levin, Laskey, the Superior Court, and the Appeals Court on May 17, 2018. See Judgment, Bostwick v. 44 Chestnut Street, No. 2015-MISC-05636 (Mass. Super. Ct. May 17, 2018), Dkt. No. 86 ("Bostwick 2015"). Plaintiff noticed an appeal on August 14, 2018, see Notice of Appeal, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. Aug. 14, 2018), Dkt. No. 89, but no appeal has yet been docketed with the

4

Appeals Court.[2] The Court takes judicial notice of the final judgment entered in the 2015 Action. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001).

### C. Procedural History

Plaintiff filed the present Complaint on December 6, 2017, which attaches and repeatedly references the first amended complaint from the 2015 Action. See [Compl.; ECF No. 1-1]. The Commonwealth Defendants moved to dismiss the claims against them on April 6, 2018. [ECF No. 63]. Plaintiff opposed their motion on May 11, 2018. [ECF No. 94].

## II. DISCUSSION

Count A of the Complaint asserts a claim for "Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court" against all Commonwealth Defendants. [Compl. ¶¶ 130–133.11]. In addition, the Complaint asserts the following claims, which Plaintiff identifies by letter, against subsets of the Commonwealth Defendants:

| | |
|---|---|
| B. | Violations of Bostwick's Rights against DPH and Hunter in his official capacity; |
| C., D., E. | Violations of Bostwick's Rights against Superior Court and Hunter in his official capacity; |
| F., I. | Equal Protection Violations against DPH, Superior Court, Appeals Court, and Hunter in his official capacity; |
| G. | Violations of Bostwick's Rights under the ADA against Superior Court and Appeals Court; |
| H. | Violations of Bostwick's Rights against Superior Court, Appeals Court, and Hunter in his official capacity; |
| J. | Violation of Bostwick's Title 42 U.S.C.A. § 1983 Rights against Hunter, Levin, and Laskey as individuals; |
| K. | Equal Protection Violations against Superior Court, Appeals Court, and Hunter in his official capacity; |

---

[2] The Superior Court has not finished assembling the record.

> M. "Bostwick v. DPH 10-01775" Is Void and Vacated with a New Action for the same Cause against DPH, the Superior Court, the Appeals Court, Hunter in his official capacity, and Hunter, Levin, and Laskey as individuals;
>
> N. "Bostwick v. Sims 04-02417" Is Void and Vacated with a New Action for the same Cause against DPH, the Superior Court, the Appeals Court, Hunter in his official capacity, and Hunter, Levin, and Laskey as individuals; and,
>
> O. "Bostwick v. Sovereign 09-01755" Is Void and Vacated with a New Action for the same Cause "Bostwick v. Santander – Land" Is Void and Vacated with a New Action for the same Cause against DPH, the Superior Court, the Appeals Court, Hunter in his official capacity, and Hunter, Levin, and Laskey as individuals.

See generally [id.].

The Commonwealth Defendants argue that the claims against them are barred by Rules 12(b)(1) and 12(b)(6). [ECF No. 64 at 2]. Specifically, they argue that the claims against DPH, Hunter in his official capacity, the Superior Court, the Appeals Court, and the Land Court are barred by sovereign immunity; that the claims against Hunter, Levin, and Laskey individually fail for lack of proper service and because the applicable statute of limitations has run; that the claims against DPH are barred by the doctrine of res judicata; and that the ADA allegations fail to state a claim. [Id. at 7–12]. Defendants also request that the Court decline jurisdiction under the Younger abstention doctrine and that the Court dismiss claims requesting appellate review of state court decisions under the Rooker-Feldman doctrine. [Id. at 12–14]. Plaintiff disputes whether DPH, the Superior Court, and the Appeals Court have sovereign immunity; argues that service on Hunter, Levin, and Laskey was proper where an individual in the DPH's legal department was served and that claims against them are not time-barred; states that res judicata does not apply because "there was NO Final Judgment on the merits for [the DPH Litigation] or [the 2015 Action];" and asserts that his ADA allegations are sufficient to survive a motion to

6

dismiss. [ECF No. 95 at 5–7, 12–14, 16–17, 19–20]. Plaintiff argues that neither the Younger abstention doctrine nor the Rooker-Feldman doctrine applies. [Id. at 21–22].

The Court finds that dismissal of Counts B, C, D, E, F, G, H, I, J, K, M, N, O and portions of Count A is required under the doctrine of res judicata. The Court further finds that portions of Count A should be dismissed pursuant to the Rooker-Feldman doctrine and that any remaining claims under Count A must be dismissed pursuant to the Younger abstention doctrine.[3]

### A. Res Judicata

"Res judicata" is a broad term that refers to the concepts of both claim preclusion and issue preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Kobrin v. Bd. of Reg. in Med., 832 N.E.2d 628, 634 (Mass. 2005) (citing Heacock v. Heacock, 520 N.E.2d 151, 152 n.2 (Mass. 1988)). Although res judicata is an affirmative defense, it may be adjudicated on a motion to dismiss for failure to state a claim. See United States v. Raytheon Co., 334 F. Supp. 3d 519, 523 (D. Mass. 2018) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d at 16). Even without a motion, a court may sua sponte dismiss an action on the basis of res judicata. See Ives v. Tyer, No. 17-cv-30143-MGM, 2018 WL 718536, at *1 (D. Mass. Jan. 10, 2018) (concluding that sua sponte dismissal was warranted based on claim preclusion), R&R adopted, No. 17-cv-30143-MGM, 2018 WL 717344 (D. Mass. Feb. 5, 2018); Kersey v. Becton Dickinson & Co., No. 16-cv-10495-LTS, 2016 WL 4492867, at *3 (D. Mass. Aug. 25, 2016) (same); see also In re Colonial Mortg. Bankers Corp., 324 F.3d at 16 ("[A] court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.").

---

[3] The Court does not need to reach the Commonwealth Defendants' alternative arguments concerning sovereign immunity, lack of proper service, or statute of limitations. [ECF No. 64 at 7–10].

7

"Dismissal under res judicata, however, can only occur where the facts that establish the defense are conclusive and definitively ascertainable from 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." Raytheon, 334 F. Supp. 3d at 523. The Court may take judicial notice of proceedings in other courts, including state courts. See Maher, 272 F.3d at 86 n.3 ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.") (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)); see also Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983) (concluding that a district court may take judicial notice of a state court judgment for res judicata).

Where the relevant final judgment comes from a state court proceeding, federal courts apply the state law of res judicata. See Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court."). Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock, 520 N.E.2d at 152–53. To establish claim preclusion, a party must demonstrate "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

The 2015 Action meets all three elements of claim preclusion for Counts B, C, D, E, F, G, H, I, J, K, M, N, and O, because it involved the same parties, concerned the same causes of action, and was adjudicated to a final judgment on the merits. First, there is identity of parties

between this action and the 2015 Action because both actions were brought by Plaintiff against DPH; Hunter in his official capacity; the Superior Court; the Appeals Court; and Hunter, Levin, and Laskey as individuals, among other defendants. Second, there is identity of the causes of action because the causes alleged here in Counts B, C, D, E, F, G, H, I, J, K, M, N, and O are substantively identical to those alleged in Counts 1–10 and 12–14 of the 2015 Action. Compare [Compl. ¶¶ 135–207, 256–88], with [ECF No. 1-1 ¶¶ 122–85, 232–60]. Finally, there was a final judgment on the merits in the 2015 Action when the claims were dismissed. See [ECF No. 61-1]. It is well-settled that a motion to dismiss is an adjudication upon the merits. See Mass. R. Civ. P. 41(b)(3) (stating that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 . . . operates as an adjudication upon the merits"); Mestek, Inc. v. United Pac. Ins. Co., 667 N.E.2d 292, 294 (Mass. App. Ct. 1996) ("Because a motion to dismiss is not one of the specific categories of dismissal which is excluded by the plain language of [Mass. R. Civ. P. 41(b)(3)], we view a motion to dismiss under Mass. R. Civ. P. 12(b)(6) as an adjudication on the merits."). In addition, under both Massachusetts and federal law, a final judgment has preclusive effect even while appeals are pending. See In re Ricciardi, 488 B.R. 11, 19 (Bankr. D. Mass. 2013) (holding under Massachusetts law claim preclusion analysis that a state court judgment with a pending appeal was a final judgment on the merits because "[t]he fact that that judgment is subject to a pending appeal means that it is subject to possible reversal or vacatur on appeal; but the judgment did enter, and any modification on appeal would be an action upon a final judgment"); Darbouze v. Mortg. Elec. Reg. Sys., Inc., No. 13 MISC 477963(HPS), 2015 WL 3453641, at *5 (Mass. Land Ct. May 28, 2015) ("Under both Massachusetts law and federal law, 'a trial court judgment is final and has preclusive effect regardless of the fact that it is on

9

appeal.'" (quoting Depianti v. Jan–Pro Franchising Int'l, Inc., 39 F. Supp. 3d 112, 125 (D. Mass. 2014))).

B. **Rooker-Feldman Doctrine**

The claims that remain against the Commonwealth Defendants are the portions of Count A that do not seek relitigation of claims barred by res judicata as more fully set forth above.[4] Count A requests supervisory jurisdiction over state courts and the bankruptcy court given "State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction, (b) State Court(s)' Violations of Bostwick's Constitutional Rights and (c) State Court(s)' Denial of Protection or Effectuation of Federal Judgments." [Compl. at 13].

First, Count A implicates three alleged violations of the All Writs Act and Anti-Injunction Act by the Middlesex Superior Court. [Id. ¶¶ 131–131.10]. The first is the March 21, 2011 order from the DPH Litigation denying Plaintiff's motion to vacate the court's declaratory judgment and to strike its memorandum of decision and order on defendants' motion to dismiss ("DPH Litigation"). See [id. ¶ 131.3]; Order, Bostwick v. Dep't of Pub. Health, No. 1081CV01775 (Mass. Super. Ct. Mar. 21, 2011), Dkt. No. 16.[5] The second and third are the memorandum and order granting a motion to dismiss in favor of the Commonwealth Defendants, except the Land Court who was not a party, and a judgment of dismissal in the 2015 Action. See [Compl. ¶¶ 131.7, 131.9]; Mem. & Order, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. Apr. 21, 2016), Dkt. No. 35; J. of Dismissal, Bostwick 2015, No. 2015-MISC-05636 (Mass.

---

[4] The doctrine of res judicata bars Count A to the extent that it seeks to re-litigate any counts barred by res judicata against any of the Commonwealth Defendants besides the Land Court, as more fully set forth in Section II.A., supra. See [Compl. ¶¶ 133.5 (seeking to litigate Counts D, E, and F in this Court), 133.6 (same for Counts G, H, and I), 133.7 (same for Counts J and K), 133.11 (same for Count O)].

[5] Three other orders on related motions to dismiss were also entered on April 21, 2016 in the 2015 Action, but they are not relevant here.

Super. Ct. July 11, 2017), Dkt. No. 73. Count A alleges that these state court decisions violated the automatic stay[6] (which calls into question whether the federal courts had jurisdiction) and denied Plaintiff the protection of his alleged bankruptcy judgment in violation of the All Writs Act and the Anti-Injunction Act.

Second, Count A also alleges that the Middlesex Superior Court violated the automatic stay of the bankruptcy court when it dismissed the DPH Litigation and thereby denied Plaintiff an opportunity to appeal the decision. [Compl. ¶¶ 133.9.2–133.9.3]. Further, Count A claims that this Court has a duty to allow Plaintiff to file a Rule 60(b) motion to vacate the judgment in the DPH Litigation and that "[a]fter Remand of [the DPH Litigation], this District Court should allow [DPH] to conduct its Hearings . . . ." [Id. ¶¶ 133.9.5–133.9.6].

Based on these allegations, Defendants argue that Count A is barred by the Rooker-Feldman doctrine because this Court "lack[s] jurisdiction over complaints that essentially invite [district] courts to review and reverse unfavorable state court judgments." [ECF No. 64 at 14]. Plaintiff responds that the Rooker-Feldman doctrine does not apply to this action because the DPH Litigation is stayed and because the 2015 Action "has not gone to Final Judgment and is being reviewed for Staying."[7] [ECF No. 95 at 21–22 (citing In re Foss, 328 B.R. 780, 782 (8th Cir. 2005) ("The Rooker-Feldman doctrine is a jurisdictional rule that applies to final judgments or orders, not to pending litigation in state courts."))].

---

[6] To the extent Plaintiff is attempting to allege a violation of the automatic stay, he lacks standing to do so. See [ECF No. 100-9 at 9 (holding in bankruptcy adversary proceeding that "Bostwick lacks standing to pursue causes of action for violation of the automatic stay as the obligation to seek enforcement of the automatic stay or to pursue causes of action under Chapter 5 of the Bankruptcy Code are vested in the Chapter 7 trustee.").

[7] As a factual matter, the DPH Litigation is not stayed. The Superior Court issued a declaratory judgment and granted the defendants' motion to dismiss. See Order, Bostwick v. Dep't of Pub. Health, No. 1081CV01775 (Mass. Super. Ct. Mar. 21, 2011). The case is now closed, not stayed.

11

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)). Unlike res judicata, the Rooker-Feldman doctrine does not depend on what issues were actually litigated in the state court; rather, "it is enough that granting [plaintiff the relief] he seeks would effectively overturn the state court's decision." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 (1st Cir. 2004). The doctrine "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Riley v. Decoulos (In re Am. Bridge Prods., Inc.), 599 F.3d 1, 4 (1st Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 291). "It is a condition precedent to the application of the Rooker-Feldman doctrine that, at the time the federal-court suit is commenced, the state-court proceedings have ended." Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663–64 (1st Cir. 2010) (citing Federación de Maestros de P.R., 410 F.3d at 24–29).

To the extent that Count A concerns the DPH Litigation, it must be dismissed under the Rooker-Feldman doctrine. See [Compl. ¶¶ 131.2, 131.3, 131.7, 133.9.3, 133.9.6]. Plaintiff seeks review and rejection of a state court order from the DPH Litigation. Granting Plaintiff his requested relief would require this Court to "effectively overturn the state court's decision." See Maymo-Melendez, 364 F.3d at 33. The Rooker-Feldman doctrine, however, does not apply to Count A as it pertains to the 2015 Action because that state court action is on appeal and therefore has not concluded. See supra at 4–5 (discussing prior litigation); Coggeshall, 604 F.3d at 663–64 (noting that application of Rooker-Feldman doctrine requires that state court litigation

12

has ended). Accordingly, the application of the Rooker-Feldman doctrine requires dismissal of Count A only to the extent it requires this Court to review and overturn the state court decision in the DPH Litigation.

### C. Younger Abstention Doctrine

If any claims against the Commonwealth Defendants remain in Count A, they must be dismissed pursuant to the Younger abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971). Under the Younger abstention doctrine, it is appropriate for a federal court to abstain "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance [her] federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007).

Each of those elements is met here. First, the requested relief of this Court exercising "supervisory jurisdiction" over the Superior Court would clearly interfere with the ongoing 2015 Action in the Superior Court. See [Compl. ¶¶ 131.7, 131.8]. Second, the ongoing state litigation in the 2015 Action implicates Massachusetts' interest in the functioning of its judicial system and adjudicating claims relating to decisions made by its state agencies that concern the safety and welfare of its citizens. See, e.g., Liviz v. Supreme Judicial Court of Mass., No. CV 17-12345, 2018 WL 1697125, at *2 (D. Mass. Apr. 6, 2018); Federación de Maestros de P.R. v. Acevedo-Vila, 545 F. Supp. 2d 207, 214 (D.P.R. 2008); S. Bos. Allied War Veterans Council v. Zobel, 830 F. Supp. 643, 648–49 (D. Mass. 1993). Third, there is no reason to believe that the Superior Court, which has ably managed the 2015 Action and the many related actions Plaintiff has filed, or the Appeals Court will not continue to provide Plaintiff an adequate opportunity to advance his federal constitutional challenge. As demonstrated by the resolution of the 2015 Action, the Superior Court was able to hear and adjudicate the exact constitutional claims that Plaintiff raises here.

Plaintiff's argument that his federal constitutional claims cannot be litigated in Superior Court because of the automatic stay is without merit. See [ECF No. 95 at 21].

## III. CONCLUSION

Accordingly, the Commonwealth Defendants' motion to dismiss [ECF No. 63] is GRANTED. Counts A, B, C, D, E, F, G, H, I, J, K, M, N, F, I, K, L, M, N, and O are dismissed to the extent that they assert claims against the Commonwealth Defendants.

    **SO ORDERED.**

March 27, 2019                                                   /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE