UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD D. BOSTWICK and RICHARD D. BOSTWICK as a CLASS OF ONE, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-cv-12409-ADB |
| 44 CHESTNUT STREET, et al., | * * | |
| Defendants. | * * | |

## MEMORANDUM AND ORDER ON DEFENDANT RICHARD F. GANTT'S MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Richard D. Bostwick ("Plaintiff") asserts claims for various civil rights violations and claims for breach of contract, negligence, and fraud, among others, allegedly stemming from the provision of deleading and related services at his home in approximately 2001, and for subsequent foreclosure proceedings, and related decisions made by the Land Court, Middlesex Superior Court, and the Massachusetts Appeals Court in various civil suits surrounding ongoing issues at his property. [ECF No. 1 ("Complaint" or "Compl.")]. Defendant Richard F. Gantt ("Gantt") has moved to dismiss the claims against him on the grounds that they are barred by Federal Rule of Civil Procedure 8, Federal Rule of Civil Procedure 12(b)(6), or the statute of limitations. [ECF No. 15]. For the reasons set forth below, Gantt's motion to dismiss is GRANTED.

## I.    BACKGROUND

### A.    Factual Background

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65–66 (1st Cir. 2008) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).[1]

As here, where the Plaintiff is proceeding *pro se*, the Court "hold[s] *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249-ADB, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). Accordingly, the Court liberally construes Plaintiff's complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff owns a multi-family home at 44 Chestnut Street in Wakefield, MA ("44 Chestnut Street"). [Compl. ¶ 1]. Plaintiff signed a contract with The Classic Group, previously known as Classic Restorations ("Classic Group"),[2] on December 14, 2001 to complete deleading

---

[1] The Court considers Exhibit A attached to the Complaint as incorporated by reference. See Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993). Exhibit A is the first amended complaint from a substantially similar action Plaintiff brought in state court in 2015. Because the Complaint filed in this action appears to be missing pages, the Court relies on assertions in the nearly identical first amended complaint to fill in the gaps.

[2] The Complaint identifies Gantt as a "Known Classic Officer[] and Director[]." [Compl. ¶ 212]. The briefing submitted by Gantt, which is not considered as providing facts for the purposes of the motion to dismiss, indicates that Gantt formed the Classic Group with another individual in

work at 44 Chestnut Street that had been started by a previous general contractor and to itemize

and repair damages caused by the previous general contractor. [ECF No. 1-1 ¶¶ 82–83]. Items

to be deleaded in Plaintiff's house included nine window units and a mantle. [Id. ¶ 34]. The

deleading work was completed on June 13, 2002. [Id. ¶ 84]. Between October 2003 and April

13, 2004, an individual associated with "Classic-Lexington"[3] named Aruda "and Bostwick

generated the cost of [the previous contractor's] Damages." [Compl. ¶¶ 227.b, 228.b]. In March

or April 2004, individuals named Bates and Lawlor, both associated with "Classic-Lexington,"

stopped the project of calculating damages and promised to complete it later. [Id.].

During a deposition on November 14, 2007, for an unspecified action, Plaintiff

discovered that the Classic Group lacked the licenses or permits that were required for the work

performed at 44 Chestnut Street. [ECF No. 1-1 ¶ 85]. A month later, Plaintiff delivered a

demand letter to the Classic Group pursuant to Mass. Gen. Laws ch. 93A, to which the Classic

Group responded. [Id. ¶ 86].

At unspecified times, Plaintiff met up to fifteen times with Paul Hunter, the director of

the Childhood Lead Poisoning Prevention Program ("CLPPP") at the Massachusetts Department

of Public Health ("DPH") concerning the deleading activities at his property. [Compl. ¶ 40]. On

May 30, 2008, Plaintiff submitted to DPH a "Report and Evidence of Unauthorized Deleading"

at 44 Chestnut Street by Leonard J. Sims and the Classic Group. [ECF No. 1-1 ¶ 33]. Hunter

directed Plaintiff to work with Warren Laskey to conduct a re-inspection of 44 Chestnut Street.

[Id. ¶ 34]. Plaintiff received a letter on August 21, 2008 identifying deleading activities at 44

---

approximately 1986 and sold all of his interest in the Classic Group to the shareholders of the
company in 2004. [ECF No. 16 at 4].

[3] The Complaint does not clearly identify Classic-Lexington, but it appears from context to be
associated with the Classic Group.

Chestnut Street for which there were not licenses or permits. [Id.]. On September 2, 2008, CLPPP filed an unauthorized deleading complaint against 44 Chestnut Street. [Id. ¶ 35]. The status of the deleading at 44 Chestnut Street has been publicly posted by DPH since 2008. [Id. ¶ 37].[4]

The approximate cost of completing the deleading of 44 Chestnut Street has been estimated to be $275,888. [Compl. ¶ 49]. The approximate value of lost rents for the first floor unit at 44 Chestnut Street for the length of the mortgage Plaintiff has on the property is $414,000. [Id. ¶ 51].

The Classic Group filed for Chapter 7 bankruptcy on January 25, 2011. [Id. ¶ 129.1].

**B.      History of Prior Litigation**

Plaintiff has sued Gantt twice before for claims stemming from the deleading of 44 Chestnut Street.

First, in May 2012, Plaintiff commenced an adversary proceeding in bankruptcy court against the Classic Group, Kyle Barnard, Philip Bates, and Gantt ("Bankruptcy Action"), Bostwick v. Classic Grp., No. 12-ap-01137 (Bankr. D. Mass.), in which Plaintiff sought a determination of an alleged violation of the bankruptcy court's automatic stay by Classic Group, "pose[d] a series of questions as to the joint and several liability under Mass. Gen. Laws ch. 142A, § 9 of the individual defendants," and requested "a determination of the rights, duties, status and legal relations" of parties to actions pending in the Superior Court, a determination regarding the availability of insurance policies which may be available to satisfy a judgment, and discovery on potential causes of action. See [ECF No. 100-8 at 2; ECF No. 100-9 at 2–4]. All defendants, including Gantt, filed motions to dismiss. [ECF No. 100-9 at 4–7]. The bankruptcy

---

[4] Plaintiff has litigated claims against DPH, Hunter, Laskey and others affiliated with CLPPP and DPH. The facts of that litigation and the procedural posture are not included here as they are not relevant to Gantt's motion to dismiss.

court granted the motions to dismiss on the grounds that the complaint failed to comply with Federal Rule of Civil Procedure 8's pleading requirements and failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and because the bankruptcy court lacked jurisdiction to determine claims against non-debtors or to review state court decisions under the Rooker-Feldman doctrine as well as Plaintiff's lack of standing to pursue causes of action for violation of the automatic stay. [Id. at 8–9]. The complaint was dismissed on January 18, 2013 "without prejudice to a determination of the allowance of [Plaintiff's] proof of claim and without prejudice to the filing of a motion for relief from the automatic stay to pursue available insurance policies, if any, in the event [Plaintiff] is able to obtain a judgment against any of the individual defendants." [Id. at 10]. Plaintiff appealed the bankruptcy court's order to the district court, where it was upheld. Order at 1, Bostwick v. Classic Grp., No. 13-cv-10647 (D. Mass. May 14, 2014), ECF No. 29. Plaintiff appealed again to the Court of Appeals for the First Circuit, which affirmed the district court's judgment. [ECF No. 100-10].

Second, in September 2015, Plaintiff filed an action in Middlesex Superior Court ("Superior Court") alleging claims against 20 defendants, including Gantt, that substantially mirrored the claims brought in the action currently before the Court ("2015 Action"). See [ECF No. 1-1]. Gantt did not respond to the complaint within the time period required by the relevant procedural rules, see [ECF No. 61-2 at 11], and in August 2017, Plaintiff moved for a default judgment against Gantt, [id. at 12]. In February 2018, Gantt moved to vacate any default and to dismiss the complaint. [Id.]. The Superior Court denied the motion to vacate, with leave to renew. [Id. at 13]. Gantt renewed his motion to vacate in March 2018. Motion to Vacate, Bostwick v. 44 Chestnut Street, No. 2015-MISC-05636 (Mass. Super. Ct. Mar. 23, 2018), Dkt. No. 84 ("Bostwick 2015"). On May 14, 2018, the court allowed Gantt's motion to dismiss for

the reasons articulated in Gantt's memorandum and in the court's prior order dismissing claims against defendants Barnard and Bates.[5] See Order, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. May 14, 2018); [ECF No. 61-1]. A final judgment was entered on May 17, 2018. See Judgment, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. May 17, 2018), Dkt. No. 86. Plaintiff noticed an appeal on August 14, 2018, see Notice of Appeal, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. Aug. 14, 2018), Dkt. No. 89, but no appeal has yet been docketed with the Appeals Court.[6] The Court takes judicial notice of the final judgment entered in the 2015 Action. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001).

### C. Procedural History

Plaintiff filed the present Complaint on December 6, 2017, which attaches and repeatedly references the first amended complaint from the 2015 Action. See [Compl.; ECF No. 1-1]. Gantt moved to dismiss the claims against him on March 8, 2018. [ECF No. 15]. Plaintiff opposed his motion on April 4, 2018. [ECF No. 58].

## II. DISCUSSION

The Complaint asserts the following claims against Gantt, which Plaintiff identifies by letter:

| | |
|---|---|
| A. | Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court |
| F., I., K. | Equal Protection Violations |

---

[5] The Court ruled on Barnard and Bates's motion to dismiss as follows: (A) dismissed claim related to automatic stay because Plaintiff lacked standing to challenge the stay; (B) dismissed American with Disabilities Act claim for failure to state a claim; (C) dismissed Federal Civil Rights Act claims because complaint failed to allege that defendants acted "under color of state law"; (D) dismissed Massachusetts statutory claims as time-barred; (E) dismissed contract claims as time-barred; (F) dismissed tort claims as time-barred. [ECF No. 61-1].

[6] The Superior Court has not finished assembling the record.

| L.1. – L.10. | Violation of Construction Supervisor and Home Improvement Contractor Laws; Violation of Lead Poisoning Prevention Laws and State Sanitary Code; Misrepresentation; Fraud; Breach of Contract; Breach of Warranties; Restitution/Unjust Enrichment; Negligence; Violation of G. L. c. 93 Regulation of Business Practices for Consumers Protection; Negligent Infliction of Emotional Distress |
|---|---|
| M. | "Bostwick v. DPH 10-01775" Is Void and Vacated with a New Action for the same Cause |
| N. | "Bostwick v. Sims 04-02417" Is Void and Vacated with a New Action for the same Cause |
| O. | "Bostwick v. Sovereign 09-01755" Is Void and Vacated with a New Action for the same Cause "Bostwick v. Santander – Land" Is Void and Vacated with a New Action for the same Cause |

See [Compl.].

Gantt argues that the counts against him are barred by Rule 8, Rule 12(b)(6), or the statute of limitations. [ECF No. 16 at 1]. Plaintiff responds that the Complaint states a claim against Gantt and is not time-barred because "the Money Judgment Bankruptcy Court Award of $1,590,161 is Enforceable for a period of Twenty (20) years . . . ." See [ECF No. 59 at 2]. The Court finds that Counts F, I, K, L, M, N, and O must be dismissed under the doctrine of res judicata. The Court further finds that Count A must be dismissed pursuant to Rule 12(b)(6).[7]

**A.     Res Judicata**

"Res judicata" is a broad term that refers to the concepts of both claim preclusion and issue preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Kobrin v. Bd. of Reg. in Med., 832 N.E.2d 628, 634 (Mass. 2005) (citing Heacock v. Heacock, 520 N.E.2d 151, 152 n.2

---

[7] The Court does not need to reach the issue of Rule 8 as an alternative ground for dismissal of Counts A, F, I, K, L, M, N, and O, but observes that the Superior Court in a related motion to dismiss decision in the 2015 Action noted that the allegations as drafted did not meet Rule 8 of the Massachusetts Rules of Civil Procedure, which is analogous to Rule 8 of the Federal Rules of Civil Procedure. See [ECF No. 69-5 at 4 n.3 (dismissing claims against Santander Bank and Fannie Mae in the 2015 Action)]. The Court also does not need to reach the statute of limitations issue as an alternative ground for dismissal.

(Mass. 1988)). Although res judicata is an affirmative defense, it may be adjudicated on a motion to dismiss for failure to state a claim. See United States v. Raytheon Co., 334 F. Supp. 3d 519, 523 (D. Mass. 2018) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d at 16). Even without a motion, a court may sua sponte dismiss an action on the basis of res judicata. See Ives v. Tyer, No. CV 17-30143-MGM, 2018 WL 718536, at *1 (D. Mass. Jan. 10, 2018) (concluding that sua sponte dismissal was warranted based on claim preclusion), report and recommendation adopted, No. CV 17-30143-MGM, 2018 WL 717344 (D. Mass. Feb. 5, 2018); Kersey v. Becton Dickinson & Co., No. CV 16-10495-LTS, 2016 WL 4492867, at *3 (D. Mass. Aug. 25, 2016) (same); see also In re Colonial Mortg. Bankers Corp., 324 F.3d at 16 ("[A] court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.").

"Dismissal under res judicata, however, can only occur where the facts that establish the defense are conclusive and definitively ascertainable from 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." Raytheon, 334 F. Supp. 3d at 523. The Court may take judicial notice of proceedings in other courts, including state courts. See Maher, 272 F.3d at 86 n.3 ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990))); see also Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983) (concluding that a district court may take judicial notice of a state court judgment for res judicata).

Where the relevant final judgment comes from a state court proceeding, federal courts apply the state law of res judicata. See Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate

law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court."). Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock, 520 N.E.2d at 152–53. To establish claim preclusion, a party must demonstrate "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

The 2015 Action meets all three elements of claim preclusion for Counts F, I, K, L, M, N, and O, because it involved the same parties, concerned the same causes of action, and was adjudicated to a final judgment on the merits. First, there is identity of parties between this action and the 2015 Action because both actions were brought by Plaintiff against Gantt, among other defendants. Second, there is identity of the causes of action because the causes alleged here in Counts F, I, K, L, M, N, and O are substantively identical to those alleged in Counts 5, 8, 10, 11, 12, 13, and 14 of the 2015 Action. Compare [Compl. ¶¶ 168–71, 192–93, 206–07, 210–53, 256–61, 264–72, 275–85], with [ECF No. 1-1 ¶¶ 151–54, 172–73, 184–85, 187–230, 232–37, 240–48, 250–60]. Finally, there was a final judgment on the merits in the 2015 Action when the claims were dismissed for the reasons stated in the Superior Court's decision on Barnard's and Bates's motion to dismiss. See Order, Bostwick 2015, No. 2015-MISC-05636 (Mass. Super. Ct. May 14, 2018); [ECF No. 61-1]. It is well-settled that a motion to dismiss is an adjudication upon the merits. See Mass. R. Civ. P. 41(b)(3) (stating that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 . . . operates as an adjudication upon the merits"); Mestek, Inc. v. United

Pac. Ins. Co., 667 N.E.2d 292, 294 (Mass. App. Ct. 1996) ("Because a motion to dismiss is not one of the specific categories of dismissal which is excluded by the plain language of [Mass. R. Civ. P. 41(b)(3)], we view a motion to dismiss under Mass. R. Civ. P. 12(b)(6) as an adjudication on the merits."). In addition, under both Massachusetts and federal law, a final judgment has preclusive effect while appeals are pending. See In re Ricciardi, 488 B.R. 11, 19 (Bankr. D. Mass. 2013) (holding under Massachusetts law claim preclusion analysis that a state court judgment with a pending appeal was a final judgment on the merits because "[t]he fact that that judgment is subject to a pending appeal means that it is subject to possible reversal or vacatur on appeal; but the judgment did enter, and any modification on appeal would be an action upon a final judgment"); Darbouze v. Mortg. Elec. Reg. Sys., Inc., No. 13 MISC 477963(HPS), 2015 WL 3453641, at *5 (Mass. Land Ct. May 28, 2015) ("Under both Massachusetts law and federal law, 'a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal.'" (quoting Depianti v. Jan–Pro Franchising Int'l, Inc., 39 F. Supp. 3d 112, 125 (D. Mass. 2014))).

**B.    Rule 12(b)(6)**

The remaining claim asserted against Gantt is Count A. Gantt argues that Count A should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. [ECF No. 16 at 7]. To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some

actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)).

Count A requests "supervisory jurisdiction" over state courts and the bankruptcy court based on the courts' alleged "[u]surpation" of federal court jurisdiction, violations of Plaintiff's constitutional rights, and "[d]enial of [p]rotection or [e]ffectuation of [f]ederal [j]udgements." [Compl. at 13]. Specifically concerning Gantt, Plaintiff alleges that Judge Feeney of the Bankruptcy Court entered an order that "implied that [Plaintiff] should [l]itigate his [d]amages against . . . Gantt . . . in another Court rather than in the Bankruptcy Court." [Id. ¶ 131.5]. Plaintiff asserts that Gantt defaulted in the 2015 Action. [Id. ¶ 131.10]. Plaintiff further alleges that Gantt is jointly and severally liable with Barnard, Bates, and Unknown Classic Officers / Directors for the "Bankruptcy Court's Judgment for Bostwick against The Classic Group Inc." and requests that this Court join or remand Count L to the Bankruptcy Court to determine damages "or take the Case on behalf of the Bankruptcy Court." [Id. ¶¶ 133.8, 133.8.2].

These facts, taken together with the remaining allegations in Count A, cannot plausibly state a claim to relief against Gantt, even with the liberal reading afforded to *pro se* litigants. See A.G. ex rel. Maddox, 732 F.3d at 80. At most they recount the procedural history of litigation involving Gantt and request the Court to inappropriately intervene in a bankruptcy action. Further, they are directly controverted by facts of which the Court has taken judicial notice or were incorporated by reference into the Complaint. See Maher, 272 F.3d at 86 n.3. For example, the bankruptcy of the Classic Group is closed with no outstanding judgment owed to

Plaintiff, see Order, In re Classic Group, No. 11-br-10574 (Bankr. D. Mass. Sept. 28, 2017), ECF No. 374 (approving final report of Trustee and closing case),[8] and Gantt's default in the 2015 Action was vacated by the Superior Court, see [ECF No. 61-2 at 12]. For these reasons, Count A fails to state any claim against Gantt and must be dismissed.

## III. CONCLUSION

Accordingly, Defendant Gantt's motion to dismiss [ECF No. 15] is GRANTED. Counts A, F, I, K, L, M, N, and O are dismissed to the extent that they assert claims against Defendant Gantt.

**SO ORDERED.**

March 27, 2019

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[8] For the sake of clarity only, the Court additionally observes that Plaintiff's Exhibit 11 submitted with his briefing demonstrates the following: Bostwick had a general unsecured claim against the Classic Group, which was allowed by the Trustee in the amount of $1,590,161.00; the Trustee proposed to pay Bostwick $17,538.81, as a pro rata share of the bankruptcy estate that remained for unsecured creditors; Bostwick received a check dated April 1, 2016 in the amount of $17,538.81, which represented the final distribution on his allowed claim against the Classic Group and its bankruptcy estate. [ECF No. 60-11].