UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD D. BOSTWICK and RICHARD D. BOSTWICK as a CLASS OF ONE, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-cv-12409-ADB |
| 44 CHESTNUT STREET, et al., | * * | |
| Defendants. | * * | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND

BURROUGHS, D.J.

Plaintiff Richard D. Bostwick ("Plaintiff") asserts claims for various civil rights violations and claims for breach of contract, negligence, and fraud, among others, allegedly stemming from the provision of deleading and related services at his home in approximately 2001, subsequent foreclosure proceedings, and decisions made by the Land Court, Middlesex Superior Court, and the Massachusetts Appeals Court in various civil suits surrounding ongoing issues at his property. [ECF No. 1 ("Complaint" or "Compl.")]. Defendants Richard F. Gantt, Kyle Barnard, Philip Bates, Santander Bank, N.A. ("Santander"), Federal National Mortgage Association ("Fannie Mae"), Orlans Moran PLLC, Saturn Realty Group, the U.S. Bankruptcy Court for the District of Massachusetts, and the Commonwealth Defendants[1] moved to dismiss the Complaint. See [ECF Nos. 8, 15, 19, 57, 63, 68, 83]. The Court granted all motions to dismiss and ultimately dismissed all but one of the remaining defendants from the case. See

---

[1] The "Commonwealth Defendants" are the Commonwealth of Massachusetts Executive Office of Health and Human Services Department of Public Health, Donna Levin, Paul N. Hunter, Warren M. Laskey, the Land Court, the Middlesex Superior Court, and the Massachusetts Appeals Court.

[ECF Nos. 80, 93, 109, 117, 118, 119, 120, 122, 123]. Presently before the Court is Plaintiff's motion which seeks to vacate and set aside ECF Nos. 80, 93, and 117, to make additional findings of fact, and to amend the Complaint ("Motion to Amend"). [ECF No. 129]. For the reasons set forth below, Plaintiff's Motion to Amend [ECF No. 129] is <u>DENIED</u>.

I.  **BACKGROUND**[2]

Plaintiff filed the present Complaint on December 6, 2017. See [Compl.]. Orlans Moran PLLC moved to dismiss the claims against it on March 7, 2018. [ECF No. 8]. Saturn Realty Group moved to dismiss the claims against it on March 15, 2018. [ECF No. 19]. Santander and Fannie Mae moved to dismiss the claims against them on April 12, 2018. [ECF No. 68]. Plaintiff opposed each of these motions. See [ECF Nos. 42, 49, 98].

On May 2, 2018, the Court granted Orlans Moran PLLC's motion to dismiss on the ground that Plaintiff had failed to state any claims against Orlans Moran PLLC. [ECF No. 80]. On May 11, 2018, the Court granted Saturn Realty Group's motion to dismiss and held that the Complaint failed to state a claim against Saturn Realty Group. [ECF No. 93]. On March 27, 2019, the Court granted Santander and Fannie Mae's motion to dismiss pursuant to res judicata and the <u>Rooker-Feldman</u> doctrine and for failure to state a claim. [ECF No. 117]. In response, on April 24, 2019, Plaintiff filed the instant Motion to Amend. [ECF No. 129]. Saturn Realty Group opposed the Motion to Amend on May 2, 2019, [ECF No. 130], and Orlans Moran PLLC opposed the Motion to Amend on May 6, 2019, [ECF No. 131].

---

[2] A more complete version of the facts and procedural history of this case is provided in the Court's March 27, 2019 Order dismissing claims against Santander and Fannie Mae. See <u>Bostwick v. 44 Chestnut Street</u>, No. 17-cv-12409-ADB, 2019 WL 1385113 (D. Mass. Mar. 27, 2019).

2

## II. DISCUSSION

Plaintiff requests that the Court vacate the orders dismissing the claims against Defendants Orlans Moran PLLC, Saturn Realty Group, Santander, and Fannie Mae (collectively, "Defendants"), which he believes is procedurally necessary before amendment is possible. [ECF No. 129-1 ¶¶ 5–5.3]. Plaintiff seeks leave to amend the Complaint to add claims related to the foreclosure of his home at 44 Chestnut Street, Wakefield, MA, including a claim for a declaratory judgment that the foreclosure sale was illegal, invalid, and void, as well as claims for wrongful foreclosure, negligence, negligent infliction of emotional distress, unfair debt collection practices, trespass, and misrepresentation. [Id. ¶¶ 6–6.13; ECF No. 129-3 at 66–84]. Both the request to vacate and to amend are denied.

### A. Request to Vacate ECF Nos. 80, 93, and 117

As an initial matter, it would not be necessary to vacate the relevant orders before granting leave to amend the Complaint because the orders are not final judgments. See Fed. R. Civ. P. 54(b). To the extent, however, that Plaintiff's motion is a motion for reconsideration of ECF Nos. 80, 93, and 117, it is denied. "[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Plaintiff has not made any of these showings. He has identified neither an intervening change in the law nor a clear error of law. In addition, the facts that Plaintiff raises in his motion relate to a 2003 assignment of Plaintiff's mortgage, a 2016 foreclosure sale, and other intervening events, none of which constitute "new evidence" not previously available to Plaintiff.

### B. Request for Leave to Amend the Complaint

Rule 15(a) provides that leave to amend generally should be "freely give[n] . . . when justice so requires." See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "[E]ven so, [a] district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman, 371 U.S. at 182); United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 734–35 (1st Cir. 2007)). The Court denies Plaintiff's request for leave to amend the Complaint based on his undue delay in filing the motion and the undue prejudice that would result to the Defendants if leave to amend was granted.

First, Plaintiff's request for leave to amend the Complaint demonstrates undue delay. The claims Plaintiff intends to append to the Complaint primarily concern the April 29, 2016 foreclosure of his home. See [ECF No. 129-1 ¶ 4.6 ("In Response to the 29 April 2016 Foreclosure, Bostwick moves to Amend and Supplement his Federal Complaint . . . ."); ECF No. 129-3 at 66–84]. Plaintiff filed his federal Complaint on December 6, 2017. [ECF No. 1]. At the same time, he was litigating a nearly identical action in Superior Court in which he sought leave to amend his state court complaint. See [ECF No. 129-1 ¶ 4.4]. The Superior Court denied his requests to amend on December 13, 2016 and July 17, 2018. See [id.]. Plaintiff should have been aware by July 17, 2018 at the latest that he would not be permitted to litigate in state court the specific foreclosure-related claims he now raises in the instant Motion to Amend. Plaintiff, however, did not seek leave to amend his federal Complaint until April 24, 2019, which is nine

4

months after the Superior Court denied for a second time leave to amend the state court complaint and over a year since the federal Complaint was filed. "When 'a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay.'" Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390–91 (1st Cir. 2013) (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19–20 (1st Cir. 1979)); see also Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 95–96 (1st Cir. 2014) (affirming denial of motion to amend where request for amendment based on facts known to plaintiff years earlier was filed two years after complaint and one year after summary judgment order). Here, where Plaintiff has not demonstrated any reason for a delay, such delay is a proper ground for denying leave to amend.

Second, granting Plaintiff leave to amend would unduly prejudice Defendants. Allowing the motion for leave to amend would effectively re-open the case against Orlans Moran PLLC and Saturn Realty Group a year after they were dismissed from this action. See [ECF Nos. 80, 93]. The proposed amended complaint concerns predominantly the same factual allegations that previously resulted in dismissal for failure to state a claim, see infra note 3; the result of amendment, therefore, would be to compel Orlans Moran PLLC and Saturn Realty Group to defend for a second time against a complaint similar to the one already defeated. Similarly, Santander and Fannie Mae have also already been dismissed from this action. See [ECF No. 117]. The Court finds that it would be unduly prejudicial to Santander and Fannie Mae to require them to defend against new legal theories based on factual allegations that are largely similar to those that have already been dismissed as against them. Where each of the Defendants has already been dismissed from the action, the effect of amendment based on facts previously

5

known to the Plaintiff is not merely an extension of the discovery schedule or the reopening of a deposition, but instead an unduly prejudicial effort to reinstitute litigation. Cf. Savoy v. White, 139 F.R.D. 265, 269 (D. Mass. 1991) (holding no undue prejudice where impact of amendment was the inconvenient resumption of plaintiff's deposition); Gouin v. Nolan Assocs., LLC, 325 F.R.D. 521, 523 (D. Mass. 2017) (finding no prejudice to either party where court allowed motion to extend ongoing discovery and continue trial).

Thus, because Plaintiff has unnecessarily delayed the request for leave to amend and because granting such leave would unduly prejudice Defendants, the Court denies the request. See Frappier, 750 F.3d at 96 ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." (quoting Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004))); Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989) ("[U]nseemly delay, in combination with other factors, may warrant denial of a suggested amendment.").[3]

---

[3] In addition, the request for leave to amend likely would be denied as futile for the same reasons that the motions to dismiss were previously granted because, although Counts P through V are styled as new claims, they appear to repackage allegations from the original complaint. For example, the allegations against Orlans Moran PLLC and Saturn Realty Group in the proposed amendment are largely a reproduction of the allegations from the original complaint, which the Court concluded failed to state a claim against either defendant. Compare [ECF No. 129-3 ¶¶ 141 ("Santander Bank, N.A. and Saturn Realty Group . . . have NOT filed the appropriate documentation at the Registry of Deeds."), 195–97 (alleging that claims of Santander, Fannie Mae, Saturn Realty Group, and Orlans Moran PLLC "are without any right whatever" due to the assignment of mortgage from Santander to Fannie Mae and the alleged failure of these four defendants to show Plaintiff the original note for 44 Chestnut Street)], with [id. ¶¶ 383–85 (similar to ¶¶ 195–97), 400–01 (same), 414 (alleging that Saturn Realty Group is liable to Bostwick for failing to file an affidavit in the Registry of Deeds)]. In addition, the proposed amended allegations against Santander and Fannie Mae closely resemble the allegations previously asserted against them and also would likely be denied again on res judicata grounds. Cf. Bostwick, 2019 WL 1385113, at *3–4. The Court, however, does not need to reach the merits of the issue of futility because it has identified two other grounds on which leave to amend will be denied.

### III.     CONCLUSION

Accordingly, Plaintiff's Motion to Amend [ECF No. 129] is <u>DENIED</u>.

In light of Plaintiff's remark that he "intends to Move to Answer all of this Court's Dismissals" pursuant to Rule 60(b), Plaintiff is cautioned against filling additional lengthy submissions seeking reconsideration of this Court's remaining orders dismissing litigants from this case, [ECF Nos. 109, 118, 119, 120, 122, 123], unless such submissions specifically and clearly detail "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." <u>See</u> [ECF No. 129-1 ¶ 4.2]; <u>Davis</u>, 89 F. Supp. 2d at 147.

**SO ORDERED.**

May 7, 2019                                                              /s/ Allison D. Burroughs
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE