UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD D. BOSTWICK and RICHARD D. BOSTWICK as a CLASS OF ONE, <br><br> Plaintiffs, <br><br> v. <br><br> 44 CHESTNUT STREET, et al., <br><br> Defendants. | Civil Action No. 17-cv-12409-ADB |

## MEMORANDUM AND ORDER ON DEFENDANT LEONARD J. SIMS' MOTION FOR SUMMARY JUDGMENT

BURROUGHS, D.J.

Plaintiff Richard D. Bostwick ("Plaintiff") asserts various claims including civil rights violations, breach of contract, negligence, and fraud, among others, which allegedly stem from the provision of deleading and related services at his home in approximately 2001, subsequent foreclosure proceedings, and decisions made by the Land Court, Middlesex Superior Court, and the Massachusetts Appeals Court in various civil suits surrounding ongoing issues at his property. [ECF No. 1 ("Complaint" or "Compl.")]. Defendant Leonard J. Sims ("Sims") has moved for summary judgment on all claims asserted against him on the grounds that they are barred by res judicata, the statute of limitations, or the statute of repose. [ECF No. 138]. For the reasons set forth below, Sims' motion for summary judgment [ECF No. 138] is GRANTED.

I. BACKGROUND

A. Procedural History

On December 6, 2017, Plaintiff filed the Complaint in this action, which attaches and repeatedly references the first amended complaint from a previous action filed in the Superior Court for Middlesex County ("Superior Court") in 2015. See [Compl.; ECF No. 1-1]. On March

26, 2018, Sims served an answer to the Complaint, which he amended on March 29, 2018. [ECF Nos. 48, 52]. By March 27, 2019, all defendants other than Sims had been dismissed from the action pursuant to Rule 12 motions or *sua sponte* for lack of jurisdiction or failure to effect service of process. See [ECF Nos. 80, 93, 109, 117–20, 122–23]. On March 27, 2019, the Court requested a joint status report and a proposed schedule from Sims and Plaintiff. [ECF No. 124]. On June 10, 2019, Sims filed the instant motion for summary judgment. [ECF No. 138]. On June 13, 2019, Plaintiff filed a status report and proposed schedule. [ECF No. 142]. In receipt of Plaintiff's proposed schedule and Sims' motion for summary judgment, the Court stayed discovery pending resolution of the motion for summary judgment. [ECF No. 143]. On July 30, 2019, Plaintiff opposed the motion for summary judgment. [ECF Nos. 147, 148].

**B.     Factual Background**

As here, where the Plaintiff is proceeding *pro se*, the Court holds Plaintiff's pleadings to "less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-CV-12249-ADB, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)).

The following facts are either uncontroverted pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 or stated in the light most favorable to Plaintiff, the non-movant.[1]

---

[1] Plaintiff's response fails to controvert much of Sims' statement of undisputed material facts, which is largely a recitation of the prior litigation between the parties. For example, Sims' statement attaches the complaint from the 2004 Action as Exhibit 1 and asserts that "On June 14, 2004, the Plaintiff, Richard D. Bostwick . . . filed a complaint against Leonard Sims in Middlesex Superior Court . . . , asserting claims of fraud, breach of contract, and violation of M.G.L. c. 93A with regard to work that Sims performed at Bostwick's property." [ECF No. 140 at 1]. Plaintiff responds: "Genuine Issues Exist[.] Exhibit 1 is INCORRECT. The true Complaint is found at Exhibit 12 [the 2015 Action complaint]. Numerous other Claims were asserted tha[n] the ones stated by the Defendant." [ECF No. 149 at 3]. Similarly, Plaintiff claims that "Genuine Issues Exist" as to a portion of Sims' statement that recites verbatim from a

2

Because the Court has stayed discovery in this action, the facts presented in the summary judgment record concern prior litigation between the parties in support of a claim of res judicata.[2] The Court supplements its recitation of the facts with court records of which it may take judicial notice. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)); see also Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983) (concluding that a district court may take judicial notice of a state court judgment for res judicata).

        1.        2004 Action Against Sims

Plaintiff owns a multi-family home at 44 Chestnut Street in Wakefield, MA ("the Property"). [Compl. ¶ 1]. In 2001, Bostwick entered into a contract with Sims to have work performed at the Property, which became the subject of protracted litigation. [ECF No. 140 at 1–2; ECF No. 140-1 ¶ 4].

On June 14, 2004, Plaintiff sued Sims and his businesses, Leonard J. Sims Co., and Leonard J. Sims Custom Carpentry, in Superior Court. See [ECF No. 140-6 at 4]. Plaintiff

---

memorandum and order issued by the Superior Court. See [ECF No. 140 at 2; [ECF No. 149 at 5–6]. The portions of Sims' statement of undisputed facts not specifically controverted with support in the summary judgment record are deemed admitted. See Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) ("In the event that a party opposing summary judgment fails to act in accordance with the rigors that [a local rule governing summary judgment] imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated."); see also LR, D. Mass 56.1.

[2] Plaintiff has requested discovery pursuant to Federal Rule of Civil Procedure 56(d), which allows a party to request discovery where "it shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." [ECF No. 148 at 14–15 (referencing ECF No. 142)]; see also Fed. R. Civ. P. 56(d). Plaintiff seeks discovery concerning Superior Court documents he was informed were thrown away, [ECF No. 148 14–15], and concerning a wide range of topics not directly relevant to the issue of res judicata, see, e.g., [ECF No. 142 at 9–11]. As the proposed discovery would not be relevant to the single issue raised on summary judgment, the Court concludes that Plaintiff has not demonstrated that he cannot present facts essential to justify his opposition.

3

alleged a violation of Massachusetts General Laws ch. 93A, § 9 ("Chapter 93A"), breach of contract, breach of warranties, unjust enrichment, misrepresentation, and fraud based on his claim that Sims improperly represented himself or his businesses as qualified deleading experts who could and did obtain the necessary permits for the deleading work to occur at the Property. [ECF No. 140-1]. On February 14, 2008, Sims moved for summary judgment, which the court allowed in part on May 14, 2009 after a hearing. See [ECF No. 140-6 at 6–7]. The court allowed Sims' motion for summary judgment as to Plaintiff's claims for breach of warranty and unjust enrichment but denied the motion as to the breach of contract, misrepresentation, and Chapter 93A claims. [ECF No. 140-6 at 7]. On March 11, 2014, the breach of contract and fraud claims were tried before a jury, and the jury returned a verdict for Sims after a seven-day trial. [ECF No. 140-3 at 3; ECF No. 140-6 at 18–19]. Plaintiff reserved his Chapter 93A claim for the court, which found in favor of Sims on that claim as well. [ECF No. 140-3 at 3]. The court then entered judgment in favor of Sims on all counts. [ECF Nos. 140-2, 140-3].

Plaintiff appealed the jury verdict but noticed his "Voluntary Dismissal of This Appeals Court Case" without filing an appellate brief. [ECF No. 140-4 at 3; ECF No. 140-5]. After Plaintiff filed this notice, Sims moved to dismiss the appeal and the Appeals Court informed Plaintiff that it would dismiss his appeal with prejudice if a motion for an extension was not filed. [ECF No. 140-4 at 3–4]. Plaintiff opposed Sims' motion to dismiss but did not comply with the Appeals Court's order to request an extension for his appellate brief. [Id.]. Therefore, the Appeals Court dismissed his appeal with prejudice. [Id. at 3–4]. Plaintiff unsuccessfully appealed this dismissal to a single justice of the Appeals Court. [Id. at 4].

### 2. 2010 Action Against the Massachusetts Department of Public Health

On May 30, 2008, Plaintiff submitted to the Massachusetts Department of Public Health ("DPH") a "Report and Evidence of Unauthorized Deleading" at the Property by Sims and the Classic Group. [ECF No. 149 at 26]. After an August 2008 inspection, DPH notified Plaintiff by letter dated August 21, 2008 that deleading activities had been conducted without the required permits and that the Property still had lead hazards. [Id. at 27]. On September 2, 2008, an unauthorized deleading complaint was filed against the Property ("Deleading Complaint"), which stated that DPH would not issue a "Letter of Unauthorized Deleading" for the Property until Plaintiff remediated the remaining lead hazards. [Id.].

On March 2, 2010, Plaintiff served DPH with a "Notice of Claim for Adjudicatory Proceeding" concerning the Deleading Complaint. [Id. at 28]. DPH denied the request on April 12, 2010 and informed Plaintiff that "[p]ursuant to 105 CMR 460.900, you are not entitled to an adjudicatory hearing since as you know, lead violations remain on your property . . . ." [Id. at 29]. On May 7, 2010, Plaintiff filed an action in Superior Court against DPH, Sims, Sims' businesses, and others seeking judicial review of this decision ("DPH Litigation"). See Bostwick v. Dep't of Pub. Health, No. 2010-1775 (Mass. Super. Ct.). On March 2, 2011, the Superior Court dismissed the complaint and entered a declaratory judgment that "105 [C.M.R.] 460.900 is not unconstitutional as applied to the facts of this case" and "[t]hat the plaintiff has no present right to a hearing, inspection or other relief from the Department of Public Health or to include Leonard J. Sims or The Classic Group, Inc. in any present claim against the Department of Public Health." [Id.].

### 3. 2015 Action Against Sims and Others

On September 4, 2015, Plaintiff filed an action in Superior Court alleging claims against 20 defendants, including Sims ("2015 Action"). See [ECF Nos. 140-7, 140-8]. The claims asserted in the 2015 Action substantially mirror the claims brought in the action currently before the Court. Compare [ECF No. 140-7], with [Compl.]. On April 14, 2016, Sims moved for summary judgment pursuant to the doctrine of res judicata. [ECF No. 140-8 at 10]. On May 26, 2016, the Superior Court granted Sims' motion for summary judgment. [ECF No. 140-8 at 12; ECF No. 140-9]. The Superior Court ruled that the doctrine of claim preclusion barred Plaintiff's claims in the 2015 Action because it involved the same parties and the claims asserted all arose from the same set of facts as the 2004 Action. [ECF No. 140-9 at 6–9].

On October 24, 2016, the Superior Court entered a separate and final judgment as to Sims. [ECF No. 140-8 at 13]. Plaintiff appealed the judgment, but, as other defendants remained in the 2015 Action, the Appeals Court declined to consider the appeal until litigation in the 2015 Action in Superior Court had concluded. [Id. at 15]. On August 14, 2018, Plaintiff filed a renewed notice of appeal. [Id. at 18]. The appeal was docketed on April 19, 2019. Docket, Bostwick v. 44 Chestnut Street, No. 2019-P-0589 (Mass. App. Ct.). Plaintiff has sought several extensions of time in which to file his brief and has not yet filed an appellate brief. Id.

## II. LEGAL STANDARD

Summary judgment is appropriate where the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003)

(citation omitted). "A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. (citation omitted).

"To succeed in showing that there is no genuine dispute of material fact," the moving party must point to "specific evidence in the record that would be admissible at trial." Ocasio-Hernandez v. Fortuño-Burset, 777 F.3d 1, 4 (1st Cir. 2015). "That is, it must 'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'" Id. at 4–5 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

Once the movant takes the position that the record fails to make out any trialworthy question of material fact, "it is the burden of the nonmoving party to proffer facts sufficient to rebut the movant's assertions." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 40 (1st Cir. 2013). "The factual conflicts upon which he relies must be both genuine and material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 397 (1st Cir. 2012), and the court may discount "conclusory allegations, improbable inferences, and unsupported speculation," Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

## III. DISCUSSION

The Complaint asserts the following claims against Sims, which Plaintiff identifies by letter:

| | |
|---|---|
| A. | Request for District Court's Supervisory Jurisdiction over Massachusetts Court(s) and Bankruptcy Court |
| B. | Violations of Bostwick's Rights by the Department of Public Health |
| C. | Violations of Bostwick's Rights by the Middlesex Superior Court |
| D., E. | Violations of Bostwick's Rights by Middlesex Superior Court, Barnard, and Bates |

7

| | | |
|---|---|---|
| F., I., K. | | Equal Protection Violations |
| H. | | Violations of Bostwick's Rights by the Appeals Court |
| J. | | Violations of Bostwick's Civil Rights by Hunter, Levin, and Laskey |
| M. | | "Bostwick v. DPH 10-01775" Is Void and Vacated with a New Action for the same Cause |
| N. | | "Bostwick v. Sims 04-02417" Is Void and Vacated with a New Action for the same Cause |
| O. | | "Bostwick v. Sovereign 09-01755" Is Void and Vacated with a New Action for the same Cause "Bostwick v. Santander – Land" Is Void and Vacated with a New Action for the same Cause |

See [Compl.].

Sims argues that the counts against him are barred by res judicata, the statute of limitations, or the statute of repose. See [ECF No. 139]. Plaintiff responds that summary judgment is not warranted because there are material facts in dispute. [ECF No. 148 at 1]. He further contends that Count N, which seeks to relitigate the 2004 Action, is not barred by res judicata, the statute of limitations, or the statute of repose.[3] [Id. at 2–3].

The Court finds that there are not material facts in dispute and that summary judgment for Sims on Counts B, C, D, E, F, H, I, J, K, M, N, and O is appropriate under the doctrine of res judicata.[4] The Court further finds that summary judgment in favor of Sims on Count A is proper because, to the extent Count A can be read to assert any claim against Sims, it merely restates a claim that is barred by res judicata.

---

[3] Plaintiff appears to argue the merits of Count N throughout his briefing but notably fails to address the May 26, 2016 summary judgment order entered in the 2015 Action that found in favor of Sims on an identical claim.

[4] Because the application of res judicata is dispositive as to Counts B, C, D, E, F, H, I, J, K, M, N, and O, the Court does not address Sims' alternative grounds of statute of limitations or statute of repose.

### A. Counts B, C, D, E, F, H, I, J, K, M, N, and O

"The doctrine of res judicata may properly be asserted as a defense on a motion for summary judgment." Miles v. Aetna Cas. & Sur. Co., 589 N.E.2d 314, 316 (Mass. 1992). "Res judicata" is a broad term that refers to the concepts of both claim preclusion and issue preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008); Kobrin v. Bd. of Reg. in Med., 832 N.E.2d 628, 634 (Mass. 2005) (citing Heacock v. Heacock, 520 N.E.2d 151, 152 n.2 (Mass. 1988)).

Where the relevant final judgment comes from a state court proceeding, federal courts apply the state law of res judicata. See Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court."). Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock, 520 N.E.2d at 152–53. To establish claim preclusion, a party must demonstrate "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).[5]

The 2015 Action meets all three elements of claim preclusion for Counts B, C, D, E, F, H, I, J, K, M, N, and O, because it involved the same parties, concerned the same causes of action, and was adjudicated to a final judgment on the merits. First, there is identity of parties between this action and the 2015 Action because both actions were brought by Plaintiff against

---

[5] Issue preclusion requires a defendant to "establish that the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies, and that the determination was essential to the decision in the prior action." Heacock v. Heacock, 520 N.E.2d 151, 153 (Mass. 1988).

9

Sims, among other defendants. Second, there is identity of the causes of action because the causes alleged here in Counts B, C, D, E, F, H, I, J, K, M, N, and O are substantively identical to those alleged in Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, and 14 of the 2015 Action. Compare [Compl. ¶¶ 135–38, 140–46, 148–55, 157–66, 168–72, 182–90, 192–94, 196–204, 206–08, 256–62, 264–73, 275–88], with [ECF No. 1-1 ¶¶ 122–24, 126–31, 133–39, 141–49, 151–54, 163–70, 172–73, 175–82, 184–85, 232–37, 240–48, 250–60]. Finally, there was a final judgment on the merits in the 2015 Action when summary judgment was entered in favor of Sims based on res judicata from the final judgment in the 2004 Action. See [ECF No. 140-9]. It is well-settled that summary judgment is an adjudication upon the merits. See Wright Mach. Corp. v. Seaman-Andwall Corp., 307 N.E.2d 826, 834 (Mass. 1974) (noting "substantial uniformity of authority that a summary judgment is entitled to res judicata effect when granted on the determination that no issue of material fact exists and the moving party is entitled to judgment as matter of law"); see also Harihar v. U.S. Bank Nat'l Ass'n, No. 15-CV-11880-ADB, 2017 WL 1227924, at *17 (D. Mass. Mar. 31, 2017) ("Under Massachusetts law, a grant of summary judgment operates as a final judgment on the merits."). "Summary judgment granted on the basis of res judicata involves . . . a determination [that the moving party is entitled to judgment as a matter of law] and should be given res judicata effect." Chestnut Hill Dev. Corp. v. Otis Elevator Co., 739 F. Supp. 692, 697 (D. Mass. 1990) (citing Wright, 307 N.E.2d at 832–34). In addition, under Massachusetts law, a final judgment has preclusive effect even while an appeal is pending. See O'Brien v. Hanover Ins. Co., 692 N.E.2d 39, 44 (Mass. 1998) (adopting the "majority rule" that "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal").[6]

---

[6] Even if the Court did not recognize the preclusive effect of the final judgment in the 2015 Action, it would still determine that Counts B, C, D, E, F, H, I, J, K, M, N, and O are barred by

10

### B. Count A

The remaining claim asserted against Sims is Count A. Count A requests "supervisory jurisdiction" over state courts and the bankruptcy court based on the courts' alleged "[u]surpation" of federal court jurisdiction, violations of Plaintiff's constitutional rights, and "[d]enial of [p]rotection or [e]ffectuation of [f]ederal [j]udgements." [Compl. at 13]. Count A does not contain any allegations that specifically concern Sims, but it does reference Count N. [Id. ¶ 133.10 ("Given (a) the State Court(s)' Usurpation / Violations of Federal Court(s)' Jurisdiction and (b) the State Court(s)' Violations of Bostwick's Constitutional Rights, Litigate in this District Court Count N (Count 13).")]. Count N seeks to have this Court declare the judgment in the 2004 Action "Void and Vacated" and order a new trial. See [id. ¶¶ 264–73]. This same claim was asserted as Count 13 in the 2015 Action and was adjudicated on the merits on summary judgment. See [ECF No. 1-1 ¶¶ 239–48; ECF No. 140-9 at 8]; see also Chestnut Hill Dev. Corp., 739 F. Supp. at 697. Therefore, to the extent the relief sought in Count A as against Sims is duplicative of Count N, it is also dismissed pursuant to the doctrine of res judicata for the reasons more fully stated in Section III.A., supra.

### IV. CONCLUSION

Accordingly, Sims' motion for summary judgment [ECF No. 138] is GRANTED on Counts A, B, C, D, E, F, H, I, J, K, M, N, and O to the extent that they assert claims against Sims.

---

res judicata from the final judgment in the 2004 Action for the same reasons articulated by the Superior Court when it compared the claims brought in the 2015 Action to those adjudicated in the 2004 Action. See [ECF No. 140-9 at 6–7 (finding that the 2004 Action and the 2015 Action involved the same parties and arose from the same set of facts and that the 2004 Action was a final judgment on the merits)].

**SO ORDERED.**

November 15, 2019  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE